Kendall v. Galvin.

Timothy C. Kendall & al. *vs.* George I. Galvin.

The acceptance of a bill of exchange by the drawee, is presumptive evidence that he had effects of the drawer in his hands.

A paper directed to certain persons, requesting them to pay a specified sum to a person named, and charge the same to account of the drawer, and dated and signed, is a bill of exchange ; although it is neither made payable to order or bearer, nor has the words value received, nor is made payable at a day certain, nor at any particular place.

Exceptions from the Court of Common Pleas, Perham J. presiding.

The action was assumpsit, on an account, charging the amount paid *N. K. Seaton* on the defendant's order. The declaration also contained the money counts. On the trial the plaintiffs offered in evidence a paper, of which the following is a copy. " Messrs. *Kendall & Kingsbury,* Gents. — Please pay *N. K. Seaton* four hundred fifty-five dollars, thirty-six cents, and charge the same to my account. *Calais, June* 7, 1830. *Geo. I. Galvin.*" The plaintiffs also proved by *Seaton* the acceptance and payment of the order or bill by them. The defendant's counsel contended, that the plaintiffs had not entitled themselves to recover, and requested the Judge to instruct the jury, that the acceptance and payment of the order by the plaintiffs was *prima facie* evidence of funds of the defendant in their hands, and that it was incumbent

on the plaintiffs to rebut that presumption to entitle them to recover. The Judge refused to give this instruction, and did instruct them, that if the plaintiffs have shown an order drawn by the defendant on them, and that they accepted and paid it, that makes out their case ; that the plaintiffs were not bound to show, that they had not funds of the defendant in their hands ; and that if *Galvin* had funds in their hands, it was competent for him to show it. The verdict was for the plaintiffs, and the defendant excepted.

*J. Granger,* for the defendant, argued that the instrument relied on, was a bill of exchange. *Chitty on Bills,* 1, 50 ; *Bayley on Bills,* 1. The acceptance of a bill of exchange is *prima facie* evidence of effects of the drawer in the hands of the acceptor. *Chitty on Bills,* 365, 410 ; 3 *T. R.* 183 ; 1 *Wilson,* 185 ; 2 *Stark. Ev.* 276. Where the law presumes the affirmative of any fact, the negative of such fact must be proved by the party averring it. 2 *Harrison's Dig.* 1115 ; 3 *East,* 192 ; 3 *Campb.* 10 ; *Varrill* v. *Heald,* 2 *Greenl.* 91 ; 2 *Stark. Ev.* 276 ; *Chitty on Bills,* 399. And in an action for money paid, the acceptor must prove such facts as he ought to state in the special count. *Bayley on Bills,* 312.

*Downes,* for the plaintiffs, contended, that this was a mere order, or request, to pay a sum of money for the defendants, and not a bill of exchange. It wants the essential requisites of a bill. — 1. In not being payable to order or bearer. 2. It does not appear to be for value received. 3. No time is fixed for the payment. 4. It is not made payable at any particular place, nor is even the residence of the party on whom the order is drawn stated. The law does not require the negative to be proved, and yet the defendant's case requires it. *Chitty on Bills,* 212, *note* 1.

The opinion of the Court, after advisement, was drawn up by

SHEPLEY J. — The acceptance of a bill of exchange by the drawee is presumptive evidence, that he had effects of the drawer in his hands. It is so stated by the elementary writers upon bills, and the authorities authorize it. 2 *Stark. Ev.* 167, 8 ; *Vere* v. *Lewis,* 3 *Term R.* 183.

Whether the instructions given were correct must depend therefore upon the instrument offered in evidence by the plaintiffs. If

it is to be regarded as a bill of exchange, the instructions were erroneous, because no testimony was offered to rebut this presumption at law. If it can be regarded as an order or request to pay money, and not a bill of exchange, and so not within the rule applicable to them, then the instructions were correct.

No precise form of words are necessary in a bill of exchange. *Morris* v. *Lee, Ld. Ray.* 1396. There are certain essential requisites ; such as, that it be payable at all events, not on a contingency, not out of a particular fund, that it be for the payment of money only, and that it exhibit so clearly the drawer, drawee, and amount, that these can be known to strangers into whose hands it may come.

The plaintiff's counsel contends, that the instrument in this case is defective in several particulars, and that it should not be regarded as a bill of exchange.

1. That it is not made payable to order or bearer. It is well settled however, that the words order or bearer are not essential. *Bayley,* 29 ; *Ld. Ray.* 1545 ; 6 *Term R.* 123 ; 9 *Johns. R.* 217.

2. That it has not the words value received. These words are not regarded as essential. *Bayley,* 33 ; *Ld. Ray.* 1481 ; 8 *Mod.* 267.

3. It is not payable at a day certain, or at any usance or time after date. It has been decided, that it is not necessary to constitute it a bill of exchange, that it should be.

In the case of *Boehm* v. *Sterling,* 7 *Term R.* 419, the writing declared on was in these words :

"*Bartholomew Lane, London,* 17 *February,* 1796.

"*Messrs. Down, Thornton, Free,* and *Cromwell,* pay to *Mr. Dobson* or bearer, 2444£ 14s.

"*Sterling, Hunters & Co.*"

*Lord Kenyon* says, "at the time of the trial, I thought there was a difference between banker's checks and bills of exchange ; and that the rule adopted with regard to the latter did not apply to the former ; but on further consideration, I do not think that, that distinction is well founded." It was held to be a bill of exchange and to be properly declared on as such.

4. It is not payable at any particular place or addressed to the drawee stating his residence.

In the case of *Shuttleworth* v. *Stephens*, 1 *Camp.* 407, the instrument declared on was in these words, " *21st October*, 1804. Two months after date pay to the order of *John Jenkins* 78£ 11s. value received. *Thos. Stephens*." No place of payment or place of residence of any party is stated in this case or in the case of *Boehm* v. *Sterling*, yet they were held to be properly declared on as bills. A request to pay the amount of a note written underneath it, has been held to be a bill of exchange. *Leonard* v. *Mason*, 1 *Wend.* 522. The instrument in evidence in this case might have been declared on as a bill of exchange ; and if so, and a recovery could have been had, then the rule of law respecting bills applied to it, although not declared on as such ; for the law applicable to it cannot be different on account of the different manner in which it is presented in evidence.

It would seem, that requests, or orders, payable out of a particular fund, or upon a contingency, or not payable in money only, or which are liable to any other objection preventing them from being regarded as bills of exchange, do not come under the rule of law, that acceptance is *prima facie* evidence of effects of the drawer in hand. *Weston* v. *Penniman*, 1 *Mason*, 306.

To enable the plaintiff to maintain this suit, he must rebut the *prima facie* evidence arising from his acceptance.

*Exceptions sustained, and new trial granted.*