Hadden v. The New York Silk Manufacturing Company.

---

WILLIAM H. HADDEN *and others* v. THE NEW YORK SILK MANUFACTURING COMPANY.

Sham pleading is the setting up of a defence which has not only no foundation in fact, but which, it is manifest, was interposed for the purpose of vexation or delay.

An answer will not be adjudged to be sham simply upon an affidavit that it is false, for this would be trying the merit of the defence upon affidavits. But the Court must be satisfied from an inspection of the pleading, or from circumstances brought to its knowledge, that the object of the pleader was either to delay or annoy the plaintiff, or else to trifle with the Court by way of amusement, by getting it to pass upon legal quibbles, or engage in a futile investigation.

Admissions are a species of evidence usually received with great caution from the ease with which they can be fabricated, and the liability to misapprehend what was said, but where a positive admission by the parties to the suit

who are competent witnesses, is sworn to, and they neither contradict, qualify, nor offer any explanation of it, it then becomes evidence of a very satisfactory character.

Where, on a motion to strike out as sham a defence good on its· face, admissions on the part of the plaintiff are positively sworn to, which are neither contradicted, qualified or questioned, and which tend to sustain the defence, —*Held*, that the motion will be denied.

APPEAL by defendants from an order granted at Special Term, striking out the defendant's answer as sham and frivolous.

The action was for goods sold and delivered. The answer was a denial of any knowledge or information sufficient to form a belief, whether at the time mentioned in the complaint, the plaintiffs were co-partners.

" And the defendants deny that on the twenty-sixth day of " February, 1859, or at any other time, the plaintiffs sold and " delivered unto the defendants the goods, wares and mer- " chandise in the complaint mentioned, or any goods, wares, " or merchandise whatsoever, upon the terms or conditions in " the complaint mentioned, or upon any other terms or con- " ditions whatsoever."

The plaintiffs moved on affidavits, to strike out the answer as sham and frivolous, and for judgment. The judge below granted the motion, and the defendants appealed to the General Term.

The substance of the affidavits read on the motion, fully appears in the opinion of the Court.

*W. G. Harrington*, for appellants.

*E. Delafield Smith*, for respondent.

BY THE COURT.—DALY, F. J.—The defence interposed is that the goods were sold to one Foote, and not to the defendants; and it appears by the affidavits read by the defendants upon the motion that the plaintiffs admitted before the action was brought, that they had refused to give the company any further

credit, that they had sold the goods to, Foote, and had commenced this suit at the request of Foote, who had indemnified them against the costs. This admission, which was not contradicted, qualified, or questioned in the affidavits read in support of the motion, was an answer to·the application to strike out the defence as a sham one. Admissions are a species of evidence usually received with great caution, from the ease with which they can be fabricated, and the liability to misapprehend what was said; but where, as in this case, a positive admission by the parties to the suit, who are competent witnesses, is sworn to, and they neither contradict, qualify, nor offer any explanation respecting it, it then becomes evidence of a highly satisfactory character. As long as such an admission stands uncontradicted, the defence cannot be treated as a sham one.

Sham pleading is the setting up of·a defence which has not only no foundation in fact, but which, it is manifest, was interposed merely for the purpose of vexation or delay. Such pleading is an imposition practiced upon the Court, and it was customary, before the Code, to compel the attorney who put in such a plea to pay the costs by way of punishment (*Bartley* v. *Godslake*, 2 Barn. & Ald., 198), and in the earlier cases he was fined (*Pierce* v. *Blake*, 2 Salk., 515; *Ellis* v. *C. B.*, 2 Wils., 369). This power of cutting a party off from a defence which is good upon its face, was exercised only where the court was satisfied from an inspection of the pleading itself, or from circumstances brought to their knowledge, that the object of the pleader was either to delay or annoy the plaintiff, or else to trifle with the court by way of amusement, by getting it to pass upon legal quibbles, or engage in a futile investigation (*Blewett* v. *Marsden*, 1 East, 237; *Solomons* v. *Lyon*, 1 Id., 369; *White* v. *Howard*, 3 Taunt., 339; *Idle* v. *Crutch*, 1 Chitty R., 524, and note a.; *Bones* v. *Bunter*, Id., 564, and note a; *Shadnell* v. *Barthoud*, 5 Bar. & A., 750, note a; *Brewster* v. *Hall*, 6 Cow., 34). The court must be satisfied that the object of the plea was as above suggested, for it will not be stricken out merely upon an affidavit that it is false, as that would be trying the merits of the issue upon affidavits. This was expressly held in *Idle* v. *Crutch*, 1 Chitty R., 524. Before the Code, the court exercised this discretion only in

cases of special pleas, but now any defence which is sham or irrelevent may be stricken out, upon motion, upon such terms as the court may, in their discretion, impose.

To hold, even, that the present plea is false, irrespective of the motive that may have dictated it, it would be necessary to weigh evidence, to decide that though the plaintiffs admitted that they sold the goods to Foote, it was nevertheless manifest from the whole of the evidence, that they did not, but sold them to the defendants, which can not be done upon such a motion, as that would be trying the issue raised by the answer upon affidavits. The order must be reversed, with $10 costs.

