SPRAGUE ARNOLD, JR. v. EDWARD SPRAGUE.

*Bills of Exchange. Agency.*

It is not essential to the validity of a bill of exchange or promissory note, that it should be negotiable.

The *order* in this case held to be a bill of exchange.

Bills of exchange are presumed to be upon a sufficient consideration, and may be accepted by parol.

The taking a bill of exchange on a previous indebtedness is *prima facie* a payment of the debt.

After acceptance the drawee cannot set up as against the payee, that as between him and the drawer there was no consideration.

Where one accepts a bill in order to enable the drawer to obtain credit or money, though there is no consideration between the drawer and acceptor, and though the subsequent holder for value knows it to be accommodation paper at the time he takes it, he can enforce it against the acceptor.

A debt from the drawer to a third person, is a good consideration for the acceptance of a bill of exchange.

Parol evidence is not admissible to vary the legal effect of a bill of exchange, or to add a party to it, who does not appear on its face.

If an agent sign only his own name whether as drawer, indorser or acceptor, he will be considered as principal, and be personally liable as such, unless he adds some restrictive or qualifying words, and this though his agency was known to the other party.

It is well settled that the use of the word "agent" alone, without saying for whom he is agent, is not sufficient to relieve the agent from responsibility, or to bind the principal.

This was an action of assumpsit upon the following order:

MR. EDWARD SPRAGUE:— SIR:— "Pay Sprague Arnold, Jr. ten dollars and ninety-six cents and charge the same to me.

Randolph, December 15, 1856.

(Signed)　　　　　　　G. H. BURT."

Plea, non assumpsit and trial by the court by agreement of the parties.

The plaintiff gave in evidence the order, and the court from the evidence found the following facts:

In the spring of 1856 the defendant, John Weston and P. Morey, were appointed by the school district in which they resided, in Randolph, a committee to build a school house, and contracted with said Burt to build the house for the sum of $550, and a certain old building standing on the site of the school house to be built. Said Burt proceeded in the building of said house, and said committee made frequent payments to him, and became liable for him for materials for said building from time to time, various persons taking orders of said Burt on said Sprague, who was the active man of said committee in contracting and superintending the building of the school house, and paid the principal part of the expense thereof, and received and paid the orders drawn on him in that behalf. The plaintiff received said order from said Burt at about the time of its date, said Burt being indebted to the plaintiff in the sum named in said order. Said order was drawn for and in consideration of said indebtedness. The plaintiff presented said order to the defendant soon after receiving it for acceptance. The defendant declined then to accept it, but promised the plaintiff that he would accept and pay it, if on settlement with Burt, there should be sufficient due him and remaining unpaid in defendant's hands. In a few days afterwards the plaintiff called again on the defendant to see if the defendant had ascertained whether he could accept and pay the order. The defendant replied that he had not, and the matter remained as under the first application by plaintiff to defendant. In a few days afterwards on some looking over of the state of affairs by Sprague, in behalf of the committee, and by Burt, it was found, as was then supposed by Sprague and Burt, that including what had been paid by the committee to Burt, and on his account, and the orders accepted on his account, and including plaintiff's order, there was an unpaid balance still due to Burt. Whereupon the defendant promised Burt in reply to Burt's inquiry in that behalf, that he would accept and pay the orders that Burt had drawn upon him, including the plaintiff's said order, which was then in the defendant's hands. Burt immediately thereupon informed the plaintiff that the defendant had accepted, and would pay, his order, informing him at the same time of what had taken place between him and the

Arnold *v.* Sprague.

defendant. The plaintiff soon thereafter called on the defendant and told him what Burt had said, and asked the defendant if he had accepted and would pay this order. The defendant told him he had accepted and would pay it. Said acceptance and promise were not in writing, but merely verbal, as above set forth. They were unqualified and absolute on the part of the defendant, and so understood by the plaintiff. At the time of receiving and presenting the order, as well as at the time of its acceptance as aforesaid, the plaintiff understood that the defendant was one of the building committee, and was not indebted to Burt otherwise than for the building of said school house, and owed him nothing in his private capacity. After the acceptance of, and promise to pay the order as aforesaid, on a settlement between the committee and Burt, as well as between the committee and the district, it was ascertained that the committee had overpaid Burt some $10. The defendant claimed and contended that the foregoing facts did not create a liability upon the defendant, for the reason that the acceptance was in parol ; that there was no consideration for a promise, and for the reason that the money sought to be reached by the order was not the money of the defendant, but the money of the district and for the reason generally, that the facts were not sufficient to create any liability on him. The county court at the June term, 1860, BARRETT, J., presiding, rendered judgment for the plaintiff. Exceptions by defendant.

*William Hebard,* for the defendant.

*P. Perrin,* for the plaintiff.

ALDIS, J. It is not essential to the validity of a bill of exchange or promissory note, that it should be negotiable.

The advantages arising from the negotiability of such instruments was originally the reason why they were held to be exceptions to the general rule of the common law that choses in action were not assignable. Hence it was once considered that negotiability was essential to such instruments. But for a long time, both in this country and in England, it has been held, and is now settled law, that they need not be negotiable.

Arnold v. Sprague.

Chitty on bills 159, and cases cited. *Kendall* v. *Galvin*, 15 Maine 131.

The order now in question has all the elements essential to a bill of exchange—it is an open letter of request from one to another to pay a third person a certain sum of money.

In *Fisher* v. *Beckwith*, 16 Vt. 31, an instrument like the one in this case, (except that there it was negotiable,) was held to be a bill of exchange ; and that difference does not affect the validity of the order as a bill of exchange.

So it is well settled that an acceptance of a bill of exchange may be by parol. This is so by the common law, and was recognized in *Fisher* v. *Beckwith*, as the rule in this state. That it is an inconvenient rule, and tends to make one's liability upon written instruments to depend upon parol evidence, and so to open a door for perjury and fraud, has often been remarked, and has led in some states to the enactment of statutes requiring all acceptances of bills of exchange to be in writing. But it is the law.

In the case at bar the bill or order was drawn on the defendant personally, and his acceptance is stated in the bill of exceptions to have been absolute and unqualified.

I. It is claimed that he is not liable upon such acceptance, because it was without consideration.

The general doctrine that bills of exchange are presumed to be upon a sufficient consideration is not questioned. But it is urged in this case, that the acceptor was not in fact indebted to the drawer, and had no funds in his hands, and that this is such a want of consideration as may be shown in bar of this action, by the payee against the acceptor.

The drawer (Burt) was indebted to the plaintiff, who is the payee named in the bill, to the amount for which the bill was drawn, and this was known to the defendant, the drawee. When the bill was presented for acceptance the defendant was in doubt whether he was in debt to Burt or not. So he told the plaintiff to let the matter rest till he settled with Burt, and then if he owed Burt as much as the bill was drawn for he would accept it. He afterwards settled with Burt, found, as they then supposed, that he was indebted to him to the amount of the bill,-

and accordingly immediately thereafter, by parol, accepted the bill absolutely and unconditionally. He afterwards discovered an error in the settlement of the account with Burt, which, when corrected, showed that he was not in debt to Burt at all, but that Burt was in debt to him.

The defendant claims that these facts show such a want of consideration between him and the plaintiff, as to release him from liability on his acceptance.

Clearly as between the defendant and Burt, these facts show a total want of consideration, so that if Burt had sued the defendant on his default of payment, after acceptance to pay, the defendant might have shown them in bar of the action. It would be just the same as if the defendant had given Burt a promissory note for a supposed balance when nothing was due.

But as between the plaintiff and the defendant, the case is different. The consideration as between them is not the debt, which may or may not be due from the defendant to Burt; but the debt acknowledged to be due from Burt to the plaintiff. The debt of a third person has always been held to be a sufficient consideration. The defendant by accepting the bill agreed absolutely with the plaintiff to pay him the amount of it—knowing that amount was a debt due from Burt to the plaintiff. It was an agreement to pay Burt's debt to the plaintiff. The defendant does not offer to show that there was no debt due from Burt, and that the plaintiff has taken it without value. It is therefore an absolute promise by the defendant to pay the plaintiff the amount of the bill in consideration of Burt's request to pay the plaintiff a debt due from Burt to the plaintiff of the same amount.

It was for the defendant to ascertain before accepting the bill, whether he owed Burt or not. That was a risk which he took upon himself. The plaintiff had no means of knowing how that fact was. He had a right to assume that the defendant would not accept the order unless he had funds of the drawer, or other securities in his hands to make him good for the acceptance, or unless he chose to do it, upon the request and credit of the drawer, and run his risk of ultimate payment. The defendant knew that the plaintiff would rest upon such assumption, and rely upon his acceptance of the order, and would cease to look to Burt for

payment—would omit to take proceedings to collect his debt of
Burt, and rely in the first instance at least, upon getting his
money through payment of the acceptance. The drawing and
acceptance of the order created new legal relations between the
parties. · The plaintiff would no longer look to Burt for the pay-
ment of his debt in the first instance, and Burt would under-
stand that if the plaintiff failed to collect the order of the defend-
ant, through his own negligence, and failed to take proper steps
to make him liable as drawer, that he would be discharged. Let
us suppose that the defendant instead of accepting the bill had
joined with Burt in a note to the plaintiff for the amount. Could
he have plead in bar of a suit on the note, that at the time he
signed he supposed he owed Burt as much as the note, but that
he made a mistake in settling, and that in fact he owed him
nothing ? It is not necessary to decide that the taking of the
order, and procuring it to be accepted, would operate as payment
of Burt's debt to the plaintiff, either *prima facie,* or absolutely ;
so that the remedy of the plaintiff against Burt would be only
upon the paper in default of payment by the acceptor. It would
seem as if the taking of a bill of exchange upon a previous
debt, would, after acceptance, be at least *prima facie* payment,
like the taking of a promissory note ;—especially as the payee
has an additional security in the name of the acceptor. How-
ever that may be—we are clear that after acceptance, the defend-
ant has no right to set up as against the plaintiff, and in discharge
of his liability, that as between him and the drawer there was
no consideration. That is not enough. *Grant et al.* v. *Ellicott,*
7 Wend. 227 ; *Chitty on bills* 305 ; 16 Wend. 557 ; *Cole* v. *Cush-
ing* 8 Pick 48 ; *United States* v. *Bank of the Metropolis,* 15 Pet.
377; 15 Maine 131.

Where one accepts a bill in order to enable the drawer to
obtain credit or money, though there is no consideration between
the drawer and acceptor, and though the subsequent holder for
value knows it to be accommodation paper at the time he takes
it, he can enforce it against the acceptor. It is the object of the
parties to obtain a credit or money, and the parties cannot recede
from their bargain. Here the transaction was not for accommo-
dation, nor was it so understood by the parties. They all sup-

posed it was for value, as between them all. Although they find afterwards that there was no consideration as between the drawer and acceptor, and that they were mistaken as to the state of their accounts, still as the mistake was not in any way occasioned by the payee of the bill, but wholly by the negligence of the other parties, and as the bill was given to the payee for a debt due to him from the drawer, we think there was a sufficient consideration for the acceptance, and that the payee can recover upon it against the acceptor.

The case of *Rogers* v. *Waters*, 2 Gill and Johns. 64, which has been referred to, we have not seen. The summary of it as stated in a note to Chitty on bills, p. 74, we should consider a very questionable doctrine of law.

II. The next question which arises in the case, is, that the defendant was known by the plaintiff to be the agent of the school district, and, in agreeing to accept for Burt, was known to do so not on his own account or because he owed Burt, but because the district owed Burt,—and that therefore the acceptance bound the district only, and not the defendant.

It was also urged that as the defendant owed Burt nothing his personal promise by acceptance to pay the plaintiff the amount of Burt's debt, upon the supposed indebtedness of the district to Burt, was without consideration, so far as he was concerned, and, therefore void. But we do not think it makes any difference in the case, *so far as consideration is concerned*, whether the acceptance was by him personally, or as agent for the district; for neither he nor the district owed Burt anything. The validity of the consideration does not depend upon whether anything was due to Burt, but upon this, that the defendant either personally, or as agent, upon the request of Burt, agreed to pay to the plaintiff the amount of a just debt which Burt owed the plaintiff. It is the debt from Burt to the plaintiff that constitutes the consideration of the defendant's promise, and enables the plaintiff to hold the defendant bound by his acceptance. So far therefore, as the question of consideration comes up, it is not affected by the fact that the plaintiff did not owe Burt. Neither the plaintiff nor the district owed him.

The sole question then is, can the defendant be held person-

Arnold v. Sprague.

ally upon his acceptance, when it appears that he was acting throughout the transaction for the district, and this known to the plaintiff.

The suit is upon a bill of exchange. The defendant is sued as acceptor. In such suits the whole liability must be made out on the written instrument itself. Parol evidence is not admissible to vary the legal effect of the bill—to add a party to it who does not appear upon its face. This principle is laid down in all the elementary books. Thus Mr. Chitty, in his treatise on Bills, p. 33 says : " If an agent sign only his own name whether as drawer, indorser, or acceptor, he will (unless in the case of a government agent contracting on its behalf) be considered as the principal, and be personally liable as such, unless he adds some restrictive or qualifying words, as " without recourse to me," &c.: for it is a universal rule, that a man who puts his name to a bill of exchange, thereby makes himself personally liable, unless he states upon the face of the bill that he subscribes it for another, or " by procuration of another," which are words of exclusion ; unless he says plainly, " I am the mere scribe," he becomes liable." This latter part of the sentence is quoted from Lord Ellenborough in *Leadbitter* v. *Farrow* 5 M. & S. 349. To bind the principal his name should appear on the instrument ; and it should also appear that the agent acts for, and on behalf of, the principal. It appears to be settled that the use of the word " agent " alone, without saying for whom he is agent, is not sufficient to relieve the agent from responsibility, or to bind the principal. " So where it is known that a party is acting as agent, or a draft is addressed to him as agent, yet if he give or accept it in his own name, he is personally liable ; and, as a converse of this proposition, his principal is not liable." These are the words of Ch. J. SHAW in *Taber* v. *Cannon et als*, 8 Met. 460, where he refers to authorities in England and Massachusetts to sustain the doctrine. See also *Pentz* v. *Stanton*, 10 Wend. 271 ; 20 Wend. 431.

In the Am. Lead. Cas. 502, et seq., the cases on this subject are collected and compared, and the doctrine seems to be settled beyond dispute.

In the case at bar the draft was drawn on the defendant, and

accepted by him personally. There is nothing on the face of the instrument to show that he was agent. There can be no doubt therefore, that he is personally liable on the acceptance, though his agency was in fact known to the plaintiff.

III. It has been urged in this case that the parol acceptance is a promise to pay the debt of another, and is not in writing, and so void by the statute of frauds. If this were not a bill of exchange this position would be unanswerable—but as we hold it to be a bill of exchange, the parol acceptance becomes an exception to the rule. In England where it was held that the writing required by the statute, must state the *consideration* of the promise, (which bills of exchange and promissory notes omit, using instead the formula "for value received,") bills of exchange and promissory notes given for the debt of another, have always been held as valid—upon the ground that they were mercantile instruments in use before the statute of frauds, and the undertaking upon them is original and not collateral. Upon that distinction we should also be bound to hold here that the parol acceptance of a bill would be sufficient.

Judgment affirmed.