THE COMMERCIAL BANK OF ROCHESTER, Respondent, *v.* BURRALL SPENCER, Impleaded, etc., Appellant.

An order directing judgment upon a pleading, as frivolous, is not appealable to this court; a frivolous pleading is not stricken out, but remains upon the record and becomes part of the judgment-roll; and an order directing judgment thereon is only reviewable here upon appeal from the judgment.

(Argued January 21, 1879; decided January 28, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, affirming an order of Special Term, striking out the second and third defense, in the answer of defendant Burrall Spencer, as sham, and directing judgment upon the first and fourth defenses, as frivolous.

The action was upon a promissory note indorsed by said defendant, Spencer.

The defenses set forth in the answer so far as material appear in the opinion.

*O. O. Cottle,* for appellant.

*Theodore Bacon,* for respondent.

*Per Curiam.* The second defense in the answer substantially is, that the bank, when the note sued upon was given, held two promissory notes for $5,000 each made by The Rochester Iron Company, upon which the defendants were indorsers, and for a valuable consideration agreed to

extend the payment of the debt of the company so long as the defendants should desire or request, upon their giving the note described in the complaint, and renewing it at maturity, and that on such renewal, it would surrender the note to the defendants ; that the note in question was given upon this agreement, and when it fell due the defendants tendered a new note, but the plaintiff refused to accept it or to deliver up the former one. Aside from the intrinsic improbability of the alleged agreement, the affidavits, upon which the motion to strike out the defense was made, clearly establish its falsity, and it was properly stricken out. The same disposition was made of the third defense, which alleged the same agreement set out in the preceding defense, with some additional allegations, the falsity of which also appeared by the affidavits presented on the motion. That part of the order which strikes out the second and third defenses should therefore be affirmed.

The Special Term order also directed judgment for the plaintiff on the first and fourth defenses, as frivolous. This appeal is from the order of the General Term affirming the order of the Special Term. The order, so far as it affirms the order directing judgment on the first and fourth defenses, as frivolous, is not appealable to this court. It is not one of the orders specified in section 190 of the Code, from which an appeal lies. A frivolous pleading is not stricken out, but remains upon the record, and becomes a part of the judgment-roll, when judgment is entered, (*Briggs* v. *Bergen*, 23 N. Y., 162) and an order directing judgment upon a pleading, as frivolous, is only reviewable on appeal from the judgment.

The result is that the order of the General Term, so far as it affirms the order striking out the second and third defenses, as shown, is affirmed ; and as to the rest of the order, the appeal is dismissed.

All concur, except DANFORTH, J., taking no part.

Ordered accordingly.