FARNSWORTH *et al.* v. HALSTEAD *et al.*

*(Supreme Court, Special Term, New York County.   March 5, 1890.)*

PLEADING—ANSWER—MOTION TO STRIKE OUT AS SHAM.
    An answer in an action against the members of a partnership on a firm liability which pleads in bar a judgment against some of the defendants on the same cause of action rendered on an offer by them will not be stricken out as sham.

Action by Ezra Farnsworth and others against William M. Halstead and others constituting the firm of Halstead, Haines & Co., for goods sold and delivered.   Defendants admit the allegations of the complaint, and plead in

bar a former recovery by plaintiffs on the same cause of action. Plaintiffs move to strike out the answer as sham.

*John J. Adams,* for plaintiffs. *Shipman, Larocque & Choate,* for defendants.

O'BRIEN, J. This action is brought to recover the sum of $4,842.68 for goods sold and delivered to the defendants as copartners. The defendants admit all the allegations of the complaint, but allege that plaintiffs recovered a judgment against the defendants for the same cause of action, and this they plead in bar. The judgment referred to was upon an offer signed by three of the defendants as copartners. It is by this motion sought, pursuant to section 538 of the Code, to strike out the answer as sham. Under our practice such a motion cannot prevail. In *Webb* v. *Foster,* 45 N. Y. Super. Ct. 312, it is held that an affirmative defense cannot be stricken out as sham upon affidavits. It is true that to determine when an answer is sham the essential element is its falsity, the words "sham" and "false" in this connection being substantially synonymous. A pleading, however, to be stricken out, must be false in the sense of being a mere pretense set up in bad faith, and without color of fact. *Kiefer* v. *Thomass,* 6 Abb. Pr. (N. S.) 42; *Hadden* v. *Manufacturing Co.,* 1 Daly, 388. These considerations would be sufficient to justify a denial of the motion. But, apart from these, in view of the substantial question of law involved, a more deliberate mode of procedure must be resorted to to determine such a question than by motion, as here made, to strike out the pleading as sham. My attention has been called to the case of *Kantrowitz* v. *Kulla,* 13 Civil Proc. R. 74, wherein it was held that section 1278 of the Code of Civil Procedure, which provides in terms for the entry of judgment upon confession against one of several joint debtors, applies equally to judgment rendered upon offer. In *Garrison* v. *Garrison,* 67 How. Pr. 272, it is said that "section 1278 relates to confessions of judgment, not to offers." This latter would seemingly be the correct view if we keep in mind that the section itself expressly confines its applications to judgments by confession; that there is a difference in form and name, at least, between judgments by confession and judgments upon offer; and that the provisions of the Code having reference to the two forms of judgment are separate and distinct. However near, therefore, we may liken in principle the one to the other, the rule that *expressio unius, est exclusio alterius,* is seemingly applicabl'. Prior to the enactment of this section a judgment against one joint debtor operated to merge the debt so as to bar an action against the other joint debtors, whether the judgment was recovered by sanction or upon confession. This fact furnishes an additional reason in favor of the construction, excluding judgments except upon confession. Admitting that the provision is remedial in its nature, and that no good reason can be advanced why a difference should be made between judgments upon offer and by confession, we are met in this line of argument by the provisions of the section itself, which in terms applies only to judgments by confession. The answer, then, to the statement that it should apply, is that it is not so written. This question, however, will be disposed of upon the trial, and the purpose sought by the views herein expressed is to show that the question itself is not so free from difficulty, or the pleading containing the defense so palpably false, that it should upon motion be stricken out. The motion is therefore denied, with costs to abide the event.