THE ALBANY COUNTY BANK, Respondent, *v.* JONATHAN T. RIDER, Appellant.

| 74 349 |
| 4ap424 |
| 74 349 |
| 35ap405 |

*Answer — when stricken out as sham.*

An answer containing a general denial cannot be stricken out as sham.

An answer asserting an affirmative defense may be stricken out as sham, although, ordinarily, if the affirmative defense is good upon its face, the issue raised by it should not be tried on affidavits.

It is only in unusual cases, where it appears that an answer is a mere pretense, set up for the purpose of vexation or delay, that it can be stricken out as sham. There should appear some fact or facts outside of the affidavits tending to show the falsity of the answer, and indicating bad faith.

APPEAL by the defendant, Jonathan T. Rider, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 30th day

of March, 1893, granting the plaintiff's motion to strike out the defendant's answer as sham.

*F. L. Michael*, for the appellant.

*Myer Nussbaum*, for the respondent.

PUTNAM, J. :

The complaint alleges a cause of action upon two promissory notes of $500 each, made by defendant to plaintiff. The answer contained no denial, but set up an affirmative defense and an alleged counterclaim. On motion of plaintiff it was struck out as sham. It has been held that an answer containing a general denial cannot be thus stricken out. (*Wayland* v. *Tysen*, 45 N. Y. 281 ; *Robert Gere Bank* v. *Inman*, 51 Hun, 97.) Also one setting up a counter-claim, but that an answer asserting an affirmative defense may be. (*Wilson* v. *Eastman & Mandeville Co.*, 18 N. Y. Civ. Proc. Rep. 267 ; *Com. Bank of Roch.* v. *Spencer*, 76 N. Y. 155.) There are cases, however, holding a contrary doctrine. (*Barney et al.* v. *King et al.*, 37 N. Y. St. Repr. 533 ; *Webb* v. *Foster*, 45 N. Y. Super. Ct. 312 ; *Farnsworth* v. *Halstead*, 18 N. Y. Civ. Proc. Rep. 227.)

It is apparent that an answer setting up a general denial should not be stricken out as sham, because such a denial is a good pleading on its face, raising an issue which should be tried in the ordinary way, and not upon affidavits. So, ordinarily, when an answer sets up an affirmative defense, good on its face, the issue raised by it should not be tried on affidavits. Such a practice would deprive the defendant of a trial by jury. It would allow the plaintiff, if able to produce a greater number of affidavits, to try the issues raised by the pleadings before the Special Term, thus taking away from the defendant a constitutional right. It is only in unusual cases, where it appears that the answer is a mere pretense, set up in bad faith, for the purpose of vexation or delay, that it can be so stricken out. There should appear some fact or facts outside of affidavits showing or tending to show the falsity of the answer and indicating bad faith. (*Farnsworth* v. *Halstead*, 18 N. Y. Civ. Proc. Rep. 228, 229 ; *Hadden* v. *N. Y. Silk Mfg. Co.*, 1 Daly, 388 ; *Kiefer* v. *Thomass*, 6 Abb. Pr. [N. S.] 42.)

We think that this is one of those exceptional cases where, from an inspection of the pleadings and the affidavits, it is apparent that the answer is thus interposed in bad faith and is false and sham. The answer sets up no valid defense. It admits the making of the note in suit to plaintiff and alleges that it was given in exchange for and as part payment of a note theretofore made by defendant to one Herrick for the sum of $2,500, and by Herrick transferred to plaintiff. That said note for $2,500 was given for the accommodation of said Herrick and without consideration, and that fact was known to plaintiff when it took the note. That defendant had received no consideration for said note from plaintiff or said Herrick. It is not alleged that there was any unlawful diversion of the note, or that plaintiff did not pay value for it to Herrick. The fact that plaintiff knew the note was accommodation paper (if true) when it purchased it, is not a defense. (*Pettigrew* v. *Chave*, 2 Hilt. 546; *Grant & Cary* v. *Ellicott*, 7 Wend. 227; *Bacon* v. *Holloway*, 2 E. D. Smith, 159; *Arnold* v. *Sprague*, 34 Vt. 402.)

The answer in fact, therefore, instead of alleging a defense to the note in suit, actually alleges a good consideration therefor, as between defendant and plaintiff.

The third clause of the answer does not set up any valid counterclaim. It seems to be frivolous. Instead of showing a claim against plaintiff in favor of defendant it shows that the $2,500 note was properly transferred to and owned by the former, who was, therefore, entitled to maintain an action thereon, and that the voluntary payment by defendant thereon was a payment of a sum legally due plaintiff.

The affirmative defense assumed to be set up by defendant, therefore, seems to be frivolous, and being at the same time, by the affidavits, shown to be false, was properly held by the court below to be sham and was properly stricken out.

The order should be affirmed, with costs.

MAYHAM, P. J., concurred; HERRICK, J., not acting.

Order affirmed, with costs.