FIRST NAT. BANK OF SARATOGA SPRINGS v. SLATTERY et al.

(Supreme Court, Appellate Division, Third Department. April 14, 1896.)

1. PLEADING—MOTION TO STRIKE OUT—DEFENSE OR COUNTERCLAIM.

Where a defendant designates the facts which he sets forth in his answer as a defense, he cannot afterwards call it a counterclaim, so as to defeat a motion to strike out the answer as sham.

2. SAME—SHAM ANSWER.

An answer in an action on a note which avers that defendant sold and delivered to plaintiff certain bonds, for which plaintiff is still indebted to defendant, and that "plaintiff has not accounted to said defendant for the value of said bonds," will be stricken out as sham; since the averment as to accounting is inconsistent with the idea of a sale, and a deposit of the bonds as collateral security is not a sale thereof.

3. CORPORATION—ACTION AGAINST—DENYING CORPORATE EXISTENCE.

An answer in an action by a bank denying on information and belief that plaintiff was a banking association by the name set forth in the complaint, and averring on information and belief that there is no such corporation as that alleged in the complaint, does not amount to an affirmative allegation that plaintiff is not a corporation (Code Civ. Proc. § 1776), as to raise an issue on that question.

Appeal from special term.

Action by the First National Bank of Saratoga Springs against Edward J. Slattery and Walter H. Hanson. From an order striking out a portion of the answer as sham, and directing judgment for plaintiff on the remaining part of the answer as frivolous, defendants appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, MERWIN, and HERRICK, JJ.

Pratt & Logan (Lewis W. Pratt, of counsel), for appellants.
Edgar T. Brackett (W. P. Butler, of counsel), for respondent.

PARKER, P. J. The Code (section 538) gives the court authority to strike out a sham defense. It may not strike out a counterclaim as sham, for that is not a "defense," within the meaning of that section. Collins v. Swan, 7 Rob. (N. Y.) 94; Fettretch v. Mackay, 47 N. Y. 427. Nor can it strike out an answer which consists of a mere denial, for the reasons given in Thompson v. Railway Co., 45 N. Y. 468. But we have no doubt of its authority, in a proper case, to strike out any affirmative defense, if it clearly appears that it is a false one. Bank v. Spencer, 76 N. Y. 156; Bank v. Inman, 51 Hun, 97, 5 N. Y. Supp. 457; Bank v. Rider, 74 Hun, 349, 26 N. Y. Supp. 490. The special term, therefore, had authority to strike out the defense contained in the fifth paragraph of the answer in this action, unless it is to be considered a "counterclaim." The pleader has not designated it as such. On the contrary, he has called it a "defense." There is a marked distinction recognized in the Code between a defense and a counterclaim. See sections 500 and 507; also, the definition of a "counterclaim" in section 501. See, also, Fettretch v. Mackay, above cited. And, when the pleader designates the facts which he sets forth as a "defense," the court will

·conclude that he so intended them. He will not be at liberty to call them a "defense" when he serves the answer, and a "counterclaim" when a subsequent emergency or convenience makes the change desirable. Morris v. Chamberlin (Sup.) 14 N. Y. Supp. 702; Society v. Cuyler, 75 N. Y. 511; Acer v. Hotchkiss, 97 N. Y. 395–408.

The matter stricken out, therefore, must be treated as a defense, and, as such, we have no doubt but that it was a sham one. There are hardly facts enough stated in it to constitute a defense. There is an averment that defendant sold and delivered to plaintiff certain bonds, of the value of $15,000, for which it is still indebted to defendant; but this is followed by the statement that "plaintiff has not accounted to said defendant for the value of said bonds." Why should plaintiff account for their value if it had purchased the bonds? Such an averment is utterly inconsistent with the idea of a sale. There is no averment of a request, or of a price fixed, or of a promise by plaintiff to pay what the bonds were reasonably worth; no facts showing a sale, except what may be inferred from the use of the words "sold and delivered." Certainly, the pleader has not fairly and squarely set forth a contract of sale, and his suggestions of a liability on plaintiff's part to account to him for their value raises the serious question whether a sale was ever made.

It is suggested by the appellant's points on this appeal that, "if the bonds were originally delivered to the plaintiff as collateral, such a transaction would constitute a sale and delivery"; and it is quite probable that the pleader had this same idea when he drew this part of his answer. Very clearly, it would be no defense to the action on the note that the plaintiff held bonds as security for its payment; and, just as clearly, a deposit of bonds as collateral security is not a sale of them. In opposition to this, the affidavit of plaintiff's cashier squarely and distinctly states that the bonds were never sold to the plaintiff; that they were deposited with it as collateral security, for an indebtedness of which the note in suit was part; and that the averment, in the answer, of a sale and delivery of them, is absolutely and wholly false. This statement is in harmony with, and to some extent corroborated by, the averment in the answer that plaintiff has not accounted to defendant for the value of the bonds. The defendant does not specifically deny this statement, nor attempt to explain the real transaction concerning the bonds. He makes a new affidavit, to the effect that the statements in his answer are true, and adds nothing more to it. Such a response is altogether unsatisfactory, and leaves no doubt as to the propriety of the action of the special term. The defense attempted to be set up was clearly sham and false, and was properly stricken out.

The first paragraph of the answer denies, on information and belief, that the plaintiff is a banking association by the name set forth in the complaint. The second paragraph avers, on information and belief, that there is no such corporation as the "First National Bank of Saratoga Springs," as alleged in the complaint. Neither of these is "an affirmative allegation that the plaintiff is not a corporation,"

and hence they raise no issue over that question. Code, § 1776; Association v. Read, 93 N. Y. 474.

The making and delivering of the note to plaintiff are admitted, and no other allegation in the answer raises any issue over any material fact which plaintiff would have to prove to establish his claim against the defendant. All of the answer was frivolous, and judgment against defendant was properly ordered thereon. The order of the special term was right, and should be affirmed with costs.

Order appealed from affirmed, with costs and disbursements. All concur.