(24 Misc. Rep. 167.)

### FREY v. SYLVESTER.

(Supreme Court, Special Term, Onondaga County. June, 1898.)

PLEADING—SHAM ANSWER—ACTION ON ACCOUNT.

> An answer did not deny the debt sued on. A defense of payment was set forth on information and belief. Another defense set up an agreement of plaintiff to take in satisfaction of the debt, $419, unaccepted orders by defendant on a third person for $267. It was not claimed either that the orders were to be accepted by the third person, or that he owed defendant. The affidavits of plaintiff as to defendant's admission of the claim were met by only one affidavit, and in this defendant stated that he "believed" his answer to be true. Held, that the answer was a sham.

Action by Rosa Frey against John Sylvester. Motion to strike out answer. Granted, with costs.

Barnum & Manson, for the motion.

Charles D. Thomas, opposed.

HISCOCK, J. This action is brought to recover the sum of $526.12, claimed to be due from defendant to plaintiff for beer sold by the latter and her assignor. The answer served does not deny the indebtedness, or any allegations of the complaint. In fact, it expressly admits the accruing of a large portion, at least, of the indebtedness. It does not, therefore, come within the rule which prohibits striking out as sham an answer which, by general or specific denials of allegations in the complaint, raises issues to be tried. Bank v. Inman, 51 Hun, 97, 5 N. Y. Supp. 457. It, upon the other hand, sets up what purport to be affirmative defenses, and which should, in my judgment, be stricken out as sham. The first answer of alleged payment, standing by itself, is sham upon its face; for it sets forth upon information and belief, merely, as a defense, facts which it must be assumed would, if they existed, be within the personal knowledge of the defendant. This defense, however, is probably to be considered in connection with the second defense. This second defense is pretty nearly frivolous and insufficient upon its face. Independent of a single feature, hereafter to be considered, it sets forth an agreement upon the part of the plaintiff to take in satisfaction of a conceded indebtedness of $419.12 a mere unaccepted order by the defendant upon a third party for $150. The feature referred to is the alleged further agreement between the parties that the defendant would buy all the beer he might need between certain dates at a price alleged to be in excess of the usual price, and give similar orders upon said same third party. The beer so purchased between said dates, however, amounted to only $117. Therefore, if it was substantially all profit, which is not claimed, plaintiff, according to defendant's answer, has agreed to accept in payment of $409.12 the debtor's own unaccepted orders upon a third party for $267. Even if, however, this defense is not frivolous upon its face, it is extremely improbable. As stated above, it is not claimed by this defense that the orders were to be accepted by the third party upon whom they were drawn, and it is not even alleged that such third party owed the defendant a dollar of indebtedness against

which they could be drawn.    In addition to the inherent improbability of this defense, however, the moving affidavits set forth, in considerable detail, and positively, facts showing its falsity.    Many of the allegations of said affidavits relate to interviews with and admissions by the defendant of the justice of the plaintiff's claim, and it is quite significant that the only affidavit made by defendant in response thereto is one in which he states that he "believes" the answer interposed by him is true, etc.    I think that the answer should be stricken out as sham, within the principles laid down in Bank v. Slattery, 4 App. Div. 421, 38 N. Y. Supp. 859; Bank v. Spencer, 76 N. Y. 155; Bank v. Rider, 74 Hun, 349, 26 N. Y. Supp. 490; Bank v. Inman, 51 Hun, 97, 5 N. Y. Supp. 457.    The motion is granted, with $10 costs.

Motion granted, with $10 costs.