BARRIE et al. v. VORSTON.

(Supreme Court, Appellate Division, First Department.   December 9, 1898.)

SHAM ANSWER—ACTION ON JUDGMENT.

An answer, in an action on a judgment: "The defendant answers the complaint by * * * his attorneys, and alleges upon information and belief:   (1) That he denies all of the allegations in paragraphs 4 and 5 of the complaint.   Wherefore defendant prays that the complaint be dismissed, with costs,"—cannot be stricken out as sham and frivolous; the material allegations of paragraphs 4 and 5 of the complaint, as to the recovery of the judgment, and that no part thereof has been paid, being thus put in issue.

Appeal from special term, New York county.

Action by George Barrie and another, doing business under the name of Barrie & Sons, against John C. Vorston, doing business under the name of John C. Vorston & Co.   From an order striking out the answer as sham and frivolous, defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Herbert H. Walker, for appellant.

H. F. Hines, for respondents.

PER CURIAM.   This action is brought on a foreign judgment.   In the fourth paragraph of the complaint is the allegation in reference to obtaining the judgment; and in the fifth paragraph, the allegation that no part thereof has been paid.   The answer, which is short, may be given in full:

"The defendant answers the complaint, by Campbell & Hance, his attorneys, and alleges upon information and belief:   (1) That he denies all of the allegations in paragraphs 4 and 5 of the complaint.   Wherefore defendant demands that the complaint be dismissed, with costs."

It will be seen that there is thus put in issue the allegation of the recovery of the judgment, and that no part thereof has been paid.   That a denial, in the form prescribed by the Code, of a material allegation of the complaint, cannot be stricken out as sham and frivolous, has been too frequently decided to need the citation of many authorities in support of the proposition.   In Bank v. Rider, 74 Hun, 349, 26 N. Y. Supp. 490, it is said:

"An answer setting up a general denial should not be stricken out as sham, because such a denial is a good pleading on its face, raising an issue which should be tried in the ordinary way, and not upon affidavits. * * * It is only in unusual cases, where it appears that the answer is a mere pretense, set up in bad faith for the purpose of vexation and delay, that it can be stricken out."

In the case of Bank v. Inman, 51 Hun, 97, 5 N. Y. Supp. 457 (an action upon a promissory note), it was said, more at length:

"The answer contains simply a denial of any knowledge or information sufficient to form a belief as to the truth of the allegation of indorsement and ownership set forth in the complaint. * * * It is averred in the complaint that, before the note became due and payable, the payee, for value, indorsed, transferred, and delivered it to the plaintiff, which remains the owner thereof. The plaintiff could not recover upon the note without proving this allega-

tion. * * * The denial of this allegation raises a material issue, and the denial cannot be stricken out as sham. * * * A general or specific denial which raises a material issue cannot be stricken out as sham, if pleaded in a form permitted by the Code. A material issue being raised by the answer, it is not frivolous in law; and the special term correctly held that the plaintiff was not entitled to a judgment, under section 537."

The order therefore should be reversed, with costs and disbursements, and the motion denied, with $10 costs.