PRATT & WHITNEY CO. v. AMERICAN PNEUMATIC TOOL CO.

(Supreme Court, Appellate Division, First Department.   April 20, 1900.)

1. BILLS AND NOTES—DELIVERY—CONDITION.
    In an action to recover on a note, the defense was that plaintiff had
    agreed when the note was given that it should not affect defendant's
    right to have deductions made for overcharges, and that the note was not
    to be paid until the adjustment had been made.   The manager of plaintiff,
    to whom the note was given, informed defendant that he had no authority
    as to that.   Held, that there was no condition attached to the delivery of
    the note.

2. SAME—PAROL EVIDENCE.
    In an action on a note, conditions attached to the delivery may be shown
    by parol evidence, as such evidence goes to the existence of the contract,
    but conditions which modify or change the character of the obligation
    will not be received.

3. SAME—FAILURE OF CONSIDERATION.
    Where the defense on a note was that, at the time it was given, certain
    overcharges included in the face of the note were to be adjusted and de-
    ducted before its payment, and plaintiff's manager, who received the note,
    stated that he had no authority as to that, a failure of consideration is not
    proved.

4. SAME—ANSWER—COUNTERCLAIM.
    In an action on a note, where defendant answered, admitting execution
    and delivery, and alleged as a defense that the note included certain over-
    charges, which were to be adjusted and deducted before its payment, the
    facts as to delivery could not be urged in recoupment, as damages, they
    not having been pleaded as such.

Appeal from trial term, New York county.

Action by the Pratt & Whitney Company against the American
Pneumatic Tool Company.   From a judgment in favor of plaintiff,
and from an order denying a motion for a new trial, defendant ap-
peals.   Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGH-
LIN, PATTERSON, and O'BRIEN, JJ.

James Fisk, for appellant.
Thorndyke Saunders, for respondent.

McLAUGHLIN, J.   This action was brought to recover the amount
of a promissory note, a copy of which was set out in the complaint.
The answer admitted the execution and delivery of the note, and its
nonpayment, and alleged as a defense that it was given for work

done and materials furnished; that the plaintiff had agreed when the note was delivered that the giving of it should be without prejudice to the right of the defendant to have the proper deductions made in the amount of certain bills theretofore rendered for such work and materials, and that the defendant should not be required to pay the note until such adjustment had been made, and then only so much of it as represented the actual cost to the plaintiff for such materials and labor. At the trial no evidence was offered on the part of the plaintiff; the defendant, in effect, conceding that it was entitled to recover unless the defense alleged was established. The testimony on the part of the defendant tended to show that, after the bills had been rendered for the work and materials referred to in the answer, the plaintiff's manager called upon the president of the defendant for payment, and the president then notified him that there was some mistake in the bills, and that the charges were too high, etc. Subsequently another conversation took place between them, in which Mr. Irving, manager of the plaintiff, stated that the plaintiff needed the money called for by the bills, and the president of the defendant responded, "To accommodate, I will do as I did before, and give you a note, although the bills have not been approved by us." The president of the defendant testified, referring to this interview:

"Mr. Irving said he would take the note. I then asked him what the account was he had in his hand, and he gave me the aggregate as embodied in the note. I then had the note drawn for the amount, and handed it to him. There was something said about the future adjustment of the note. I said to him, 'It is distinctly understood that we must have these things adjusted before the notes' were paid. Mr. Irving said he had no authority as to that, but it would remain with the Hartford people. I said, 'You people have always dealt with us equitably, and I have no doubt we can adjust the matter;' and thereupon the note in suit was given."

This is substantially all the evidence bearing upon what took place at the time the note was made by the defendant and delivered to the plaintiff. No proof was offered which would have justified the jury in finding that the plaintiff, when it took the note, took it subject to a future adjustment of the accounts between the parties, or that any proposition in reference to an adjustment was acceded to, or that the payment of the note depended upon any condition whatever. On the contrary, it affirmatively appears that the manager of the plaintiff, when a proposition of that kind was suggested, informed the president of the defendant that "he had no authority as to that." A fair consideration of the testimony, including the correspondence had between the parties, shows that there was no condition attached to the delivery of the note; and, had a verdict been rendered in favor of the defendant, it would have been clearly against the weight of evidence. Conditions relating to the delivery of a note may be shown, but not conditions which modify or change the character of the obligation itself. The former goes to the existence of the contract, while the latter, conceding its existence, seeks to vary the terms of it by parol evidence, and such evidence cannot be received. Bank v. Fergerson, 43 App. Div. 79, 59 N. Y. Supp. 295. The consideration is also open to impeachment. Higgins v. Ridg-

way, 153 N. Y. 130, 47 N. E. 32. But here, as already indicated, there was no condition attached to the delivery, and the facts proved upon the trial did not establish a failure of consideration. At most, what the defendant alleged and proved would be of benefit only so far as to permit it to recoup as damages or to recover the overcharge, but this could not be done under an answer which simply alleged a defense. The case of Springer v. Dwyer, 50 N. Y. 19, is not in point. In that case the answer alleged sufficient facts to entitle the defendant to recoup his damages, and in this case it does not. The rule is well settled that, where a defendant insists upon a counterclaim, it must be pleaded as such, and unless that is done it can be resorted to and used only as a defense. Bates v. Rosekrans, 37 N. Y. 409; Burke v. Thorne, 44 Barb. 363.

The judgment and order are right, and must be affirmed, with costs. All concur.

