WILMERDING et al. v. STROUSE et al.

(Supreme Court, Appellate Term. November 24, 1908.)

1. SALES (§ 179*)—IMPERFECTIONS—WAIVER.
　　Ordinarily, without warranty, retention of goods waives claim for imperfections therein.
　　[Ed. Note.—For other cases, see Sales, Cent. Dig. § 460; Dec. Dig. § 179.*]

2. PLEADING (§ 142*)—COUNTERCLAIM.
　　A breach of warranty is not available as a counterclaim in an action for the price of goods where pleaded as a defense.
　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 291; Dec. Dig. § 142.*]

3. SALES (§ 288*)—BREACH OF WARRANTY—WAIVER.
　　Breach of warranty is no defense to an action for the price of goods where the buyer retains them.
　　[Ed. Note.—For other cases, see Sales, Cent. Dig. § 818; Dec. Dig. § 288.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by J. Currie Wilmerding and others against Rose Strouse and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Joseph K. Ellenbogen, for appellants.
Blumensteil & Blumensteil, for respondents.

MacLEAN, J. Admitting the receipt of 2,531¼ yards of cambric delivered, and their agreement to pay 8 cents a yard therefor, the defendants interposed a defense, to the plaintiff's action for the price of the goods sold and delivered of sale by sample, that the goods were imperfect and did not correspond with the sample, an offer to pay less $37.97 because of imperfection, and a demand for judgment dismissing the complaint. In ordinary cases, without warranty, retention of goods waives right to claim for imperfection, and, although the plaintiffs offered a certain allowance therefor, this the defendants rejected as rejected by the plaintiffs was the counter offer of the defendants. There remained, therefore, the above-admitted liability, to which the defendants might have interposed a counterclaim for damages for the breach of an express warranty, and proving same would be entitled to such damage as they might have shown. Failing, however, to plead such a cause, they may not prove as counterclaim what they allege as defense. First Nat. Bank v. Slattery, 4 App. Div. 421, 424, 38 N. Y. Supp. 859; Pratt & Whitney Co. v. Pneumatic Tool Co., 50 App. Div. 369, 372, 63 N. Y. Supp. 1062, and what they have alleged as defense they waived by their retention of the goods. The judgment should therefore be affirmed.

Judgment affirmed, with costs. All concur.