On Rev. Code 1919, Sec. 1189, see annotations Kerr's Cyc. Code 1920; Civ. Code, Sec. 2219.

---

SCOTT, Respondent, v. HARGENS et al., Appellant.

(207 N. W. 65.)

(File No. 5557. Opinion filed January 23, 1926.)

**Bills and Notes—Conditional Delivery—Delivery of Note by Indorser Based on Condition Subsequent Held Absolute.**

Where indorser on note signed and delivered it with understanding that maker should one year hence pay interest, such payment of interest was condition subsequent, delivery was absolute, and Rev. Code 1919, Sec. 1720, relative to delivery of negotiable instruments, therefore, did not apply.

Appeal from Circuit Court, Hanson County; Hon. Frank B. Smith, Judge.

Action by Clarence Scott against Chris Hargens and another. From a judgment for plaintiff, defendant Claus Hargens appeals. Affirmed.

*H. J. Mohr,* of Alexandria, for Appellant.
*Damforth &Seacat,* of Alexandria, for Respondent.

GATES, P. J.   This is an action upon a promissory note given by defendant Chris Hargens to plaintiff, and indorsed by defendant Claus Hargens. The note was a renewal of a former note sent by plaintiff to R. B. McCandless for collection. The note in suit was for $1,000 ,dated July 20, 1921, payable July 1, 1922, with interest at 8 per cent. from July 1, 1921. The defendant Claus Hargens appeals from the judgment rendered against him pursuant to a directed verdict in favor of plaintiff.

Appellant contends that the delivery of the note was conditional, and relies upon Ricords v. Mead, 45 S. D. 617, 189 N. W. 703, and Dimock State Bank v. Boehnen, 46 S. D. 50, 190 N. W. 485.   He testified:

"R. B. McCandless asked me to sign the note for Chris Hargens, and I said I wouldn't sign it, and I said I would sign it if Chris Hargens paid the interest on the note. 'Well,' McCandless said, 'sign it, and I will see that Chris pays the interest, and, if he don't, the note don't take effect!' and I finally signed the note, and several weeks afterward I went to McCandless and asked him, and he said that Chris hadn't paid the interest yet. I demanded the note back, and he said he had delivered it to Mr. Scott, in California somewhere."

By its terms the interest was not due on the note until approximately a year after it was indorsed by appellant. In the Ricords Case the delivery was conditional. Something was to happen in order to authorize the delivery. In the Dimock State Bank case there was a dispute as to whether the delivery was conditional, and hence that question was held to be one for the jury.

In this case, even upon the showing made by appellant, the delivery must be held to be absolute. It .was a delivery with the understanding that the maker should one year hence pay the interest, and therefore it was a condition subsequent. The case is,

therefore, not one within the provisions of Negotiable Instruments Law, Sec. 16 (Rev. Code 1919, Sec. 1720).

The judgment is affirmed.

Note.—Reported in 207 N. W. 65. See, Headnote, American Key-Numbered Digest, Bills and notes, Key-No. 64, 8 C. J. Sec. 336.