FIRST NATIONAL BANK OF MADISON, SOUTH DAKOTA, et al, Appellant, v. JOHNSON, Respondent.

(221 N. W. 260.)

(File No. 6166. Opinion filed October 6, 1928.)

538

*Ira F. Blewitt*, of Madison, for Appellant.
*Bogue & Bogue*, of Parker, for Respondent.

BROWN, J. In 1919, defendant, who lived in Centerville, S. D., engaged in a real estate venture with C. E. Olstad, president of plaintiff bank, H. E. Stockburger, and others, in Madison, S. D. Defendant invested $3,100, and when the land was sold he was entitled to about $6,000 for the return of his capital and his share of the profits. Defendant went to Madison in March, 1920, for the purpose of getting settlement, and received from Stockburger the fervent greeting: "Isn't it hell? Banks are shut right down, can't get any money." Defendant was reluctant to accept anything other than money, but, on the persuasion of Stockburger and Olstad, he finally did accept a note for $11,560, dated February 18, 1920, and due March 1, 1930, with interest at 6 per cent payable annually, made by L. G. Atherton and wife to Martin Johnson, by Johnson indorsed to Stockburger, and indorsed generally by Stockburger, which was secured by mortgage, and gave his note for $5,077 to plaintiff bank, due in a year, for the difference between the Atherton note and what was due defendant. Defendant says they spent all day wrestling over this settlement, and that he told them he could not pay a note for $5,077 in a year, but Olstad said they could not carry the long-time note for $11,560 in the bank, but would carry his note until it could be paid out of the Atherton note, and that he finally gave the note on the express condition agreed to by the bank that it should be paid only out of the proceeds of the Atherton note.

However, when the $5,077 note fell due, the bank needed money worse than ever, and, on the urgent pleading and persuasion of Olstad, defendant procured money sufficient to pay the note down to $1,500, for which sum he gave a new note to the bank,

subject to the same conditions as the $5,077 note. On this note, in response to the importunings of Olstad, he paid at one time $500, but reminded him of the understanding between them, and said he would not pay anything more except as it could be paid out of the Atherton note. One year's interest was paid on the Atherton note after defendant got it, and nothing more has been collected on it.

In the spring of 1925 the bank failed and went into the hands of a receiver, who brought this suit on the note. Defendant answered, setting up conditional delivery of the note, in that it was given only on the condition that it should be paid out of the proceeds of the Atherton note, and at the close of all the evidence the court directed a verdict for plaintiff. On motion for a new trial, the verdict and judgment thereon were set aside, and a new trial granted, on the ground that the case should have been submitted to the jury, and, from the order, plaintiff appeals.

██ That a note may be shown by oral evidence to have been delivered conditionally and not for the purpose of transferring property in the instrument is settled by repeated decisions of this court. Dacotah Packing Co. v. Bertelson (S. D.), 217 N. W. 393, and cases cited therein.. But delivery of the note in this case was not conditional, or for a special purpose only, within the meaning of that phrase as employed in Rev. Code, § 1720, or in prior decisions of this court. The evidence discloses extreme reluctance on the part of defendant to accept the Atherton note or give his own note for $5,077 to the bank, but it also shows that he knew perfectly well what he was doing when he did this, and that he gave that note to the bank with the clearly entertained intention of transferring the property in the instrument, and gave the note in suit with the same intention. It is true, he contends that it was agreed that both of these notes should be paid only out of the special fund arising from the proceeds of the Atherton note. But by its terms the note sued on is payable on January 2, 1922, and testimony that it was only to be paid if and when the amount was collected from the Atherton note is simply giving oral evidence in contradiction of the written instrument, which is not permissible. Defendant's own testimony shows not conditional, but unconditional, delivery of the instrument for the very purpose of giving effect to it as a note. The claim that it was to be paid only out of the proceeds of the Atherton note is quite similar in

substance to the defenses held inadmissible in First State Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044, and Scott v. Hargens, 49 S. D. 260, 207 N. W. 65. See, also, Wheelock v. Hondius, 74 Colo. 400, 222 P. 404; Security National Bank v. West, 120 Kan. 434, 243 P. 1014; Pratt & Whitney Co. v. American Pneumatic Tool Co., 50 App. Div. 369, 63 N. Y. S. 1062; Id., 166 N. Y. 588, 59 N. E. 1129; Wise v. Boyd (Tex. Civ. App.) 267 S. W. 543; Silliman v. Dobner, 165 Minn. 87, 205 N. W. 696.

"It seems to be well settled that an agreement to renew a note, or that it shall be paid only out of a particular fund, or that the maker thereof is not to be bound thereby, is in contradiction of the terms of a note payable absolutely at a stated time. Hendrick v. Chase Furniture Co. [Tex. Civ. App.] 186 S. W. 277; Crooker v. National Phonograph Co. [Tex. Civ. App.] 136 S .W. 647; Dolson v. DeGanahl, 70 Tex. 620, 8 S. W. 321; Long v. Riley [Tex. Civ. App.] 139 S. W. 79; Nixon v. First State Bank, 60 Tex. Civ. App. 7, 127 S. W. 882; Daniel on Neg. Inst. §§ 80, 81a; note 43 L. R. A. 449 et seq." Waters v. Byers Bros. & Co. (Tex. Civ. App.) 233 S. W. 572, 588.

Defendant's further contention that there was no consideration for either of the notes he gave to the bank is plainly untenable. For the $5,077 note and what was due him from the land speculation he got the Atherton note, and, while that may not be as valuable as was supposed at the time he took it, it never-theless constituted a sufficient consideration for the $5,077 note and therefore for the note in suit.

On the undisputed evidence, the court was right in directing a verdict for plaintiff.

The order appealed from is reversed, and the cause remanded, with directions to reinstate the verdict and judgment.

BURCH, P. J., and SHERWOOD and CAMPBELL, JJ., concur.

POLLEY, J., dissents.