Hull agt. Smith.

---

## SUPERIOR COURT.

### HULL agt. SMITH.

A motion to strike out an *entire* answer as frivolous is irregular. The proper motion is for judgment under § 247 of the Code. Under the former practice sham and frivolous answers were frequently confounded, but they are carefully distinguished by the Code. The distinction is that which is stated in Brown vs. Jenison (3 *Sand. S. C. R.* 732).

When one only of two or more defences in an answer is alleged to be frivolous, if it is also irrelevant or redundant, it may be struck out under § 160; but when it is merely frivolous the plaintiff is put to his demurrer.

*December* 1852. This was a motion to strike out an answer as frivolous. The action was upon a promissory note by the payee against the maker; the complaint was in the usual form, but the answer merely denied upon information and belief that the plaintiff was the "lawful holder and owner of the note." The plaintiff had noticed the cause for trial at two or three successive terms after the service of the answer, and upon this ground it was insisted that the motion was too late.

MR. RIDGEWAY, *for Plaintiff*.

MR. SCOTT, *for Defendant*.

OAKLEY, Ch. J. (DUER, CAMPBELL, BOSWORTH and EMMETT, Justices, concurred).—It is not necessary now to determine whether a motion of this kind can properly be entertained after the plaintiff has noticed the cause for trial, since upon another ground the motion, in its present form, must be denied.

When the entire answer is alleged to be frivolous, it can not be stricken out under sections 152 or 160 of the Code, but the proper motion is under section 247, for a final judgment. Such a motion is a substitute for a demurrer, and raises substantially the same question; although, as we have frequently said, the motion will not be granted, unless the issue taken by the answer is plainly immaterial, or the defence set up *manifestly* groundless. Still as the judgment given, even where such is the opinion of the judge or court, may be erroneous, the defendant has the same right to have it reviewed upon an appeal, as if given upon a demurrer, and consequently, to enable him to exercise this right, the answer instead of being stricken out must remain upon the record.

According to the practice that prevailed before the Code, a frivolous as well as a sham plea might be stricken out upon motion; but a frivolous plea was then understood to mean not simply a plea bad upon its face, but one which in the opinion of the court had been certainly interposed in bad faith, for the mere purpose of delay. Hence sham and frivolous pleas were frequently confounded, and indeed the term sham was indiscriminately applied to both. But the Code has carefully distinguished sham and frivolous answers and has restored the words to their original and appropriate sense. The distinction between them is that which was stated by Mr. Justice DUER, with the assent of the court, in Brown vs. Jenison (3 *Sand.* 732). A sham answer is good upon its face, but false in fact; a frivolous answer denies no material averment in the complaint and sets up no defence.

It is true it is said in Brown vs. Jenison that a frivolous answer may be stricken out upon motion, but this we are satisfied

is not correct where the objection applies to the entire answer. Where one only of two or more defences is frivolous, if it is also irrelevant or redundant, as will generally be the case, it may be stricken out under § 160; but when it is simply frivolous, the plaintiff will be obliged to demur.

The motion is denied without costs.