## WEST *vs.* THE AMERICAN EXCHANGE BANK.

On the 29th day of May, 1861, the plaintiff, being the owner of a promissory note made by W., payable in the city of New York, and to mature on the 1st and 4th of June, deposited the same for collection, in the M. bank, indorsed in blank. The M. bank was then indebted to the defendant, its agent in the city of New York, for over. drafts, in a sum exceeding the amount of the note. The M. bank forwarded the note to the defendant, with directions to collect the same, and credit the M. bank with the proceeds. The note was collected, and the proceeds credited in the books of the defendant to the account of the M. bank, but the defendant had no notice or knowledge that the note belonged to the plaintiff, and the proceeds were credited by the defendant to the M. bank in good faith, in the ordinary course of business between them. The M. bank failed on the evening of June 4th.

*Held* that the defendant could not be regarded as a purchaser or holder *for value*, of the note, or of its proceeds, according to the rule prevailing in this state, so as to exclude the claims of the plaintiff, who was the real owner.

*Held, also*, that the facts that the defendant held the note as collateral security for the payment of any balance of account that might be owing by the M. bank; that the M. bank was largely indebted to the defendant before the note in question was received by the latter; and that the defendant credited said debtor, in account, with the proceeds of the note, when collected, did not of themselves constitute a valuable consideration within the rule referred to, notwithstanding the defendant so credited the proceeds in good faith, in the ordinary course of business, and without notice of the plaintiff's title.

*Held*, further, that the payment by the defendant, of drafts drawn upon it by the M. bank, after the proceeds of the note were credited in account to the latter bank, was insufficient to sustain the claim of the defendant that it had paid the amount of the note to the M. bank, in the absence of

44b 175
11ap398
44b 175
45ap 18
44b 175
162a 428
44b        175
170 NY *167
44b        175
38 Mis⁶170
38 Mis⁶296

West *v.* American Exchange Bank.

any finding that the defendant paid such drafts upon the credit or *faith* of the note, or of its proceeds.

Where an answer, instead of directly denying a material allegation of the complaint, contains a version of the transaction which is in some respects inconsistent with the allegation, this will not amount to a denial, so as to prevent the allegations of the complaint from being taken as true.

An allegation in an answer, by which it is attempted to deny a material averment in a complaint, may be general or specific, at the option of the pleader; but in either case it must be direct and unequivocal.

If it merely *implies* that the allegation is controverted, or justifies an *inference* that such is or will be claimed to be its effect, it will not be construed as a denial.

APPEAL from a judgment entered at the circuit on a trial before the court without a jury. The complaint alledged that the plaintiff, on the 29th day of May, 1861, was the owner of a certain promissory note; that on that day he employed the defendant to collect the same; and that the defendant did collect it, but had failed to pay over the proceeds, although often requested to do so. The answer denied none of these allegations, but set up new matter, viz: that the defendant was collecting agent in the city of New York for the Medina Bank, and as such received and held the note in question until its maturity, when the proceeds were received by it as such agent. And that afterwards, and before the 1st of July, 1861, it paid the same to the said Medina Bank.

The court found the following facts: That on the 29th day of May, 1861, the plaintiff was the owner of a note made by one West, and payable in the city of New York, for $535, to mature on the 1st and 4th of June. That on the day first named, he deposited the note for collection, in the Medina Bank, Orleans county, indorsed in blank. That, at this time, the Medina Bank was indebted to the defendant, for over drafts, to an amount largely exceeding the amount of said note. That on the day named and being so indebted, the Medina Bank forwarded the note to the defendant, with directions "To collect said note, and credit said Medina Bank

with the proceeds." That on the 4th day of June the note was collected, and the proceeds credited in the books of the American Exchange Bank to the account of the Medina Bank, which account then showed the indebtedness of the latter bank to the defendant to be $3,273.37. That the Medina Bank failed and suspended business, on the evening of the 4th of June, 1861, and on the 7th the defendant was notified of said failure. That after the 29th day of May the defendant continued to pay the drafts of the Medina Bank. That the defendant, at the time of receiving the note, from the Medina Bank, and until the time of collecting and crediting the proceeds thereof, as above stated, had no notice or knowledge that the note belonged to the plaintiff, or that the same was not the property of the Medina Bank, and the proceeds thereof were credited by the defendant to the Medina Bank in good faith, in the ordinary course of business between them. That prior to the said 29th day of May, 1861, it had been agreed between the president of the Medina Bank and the defendant that all paper sent for collection by said Medina Bank should be held by the defendant as collateral security for any balance of account owing by the latter to the defendant. That on or about the 1st day of March, 1863, the plaintiff demanded the proceeds of said note, of the defendant, and the latter refused to pay the same to him.

And the judge found as a conclusion of law, that the defendant was not indebted to the plaintiff for the proceeds of said note, and that he was entitled to judgment dismissing the complaint, with costs. From this judgment the plaintiff appealed.

*G. F. Danforth*, for the appellant.

*W. F. Cogswell*, for the respondent.

*By the Court*, JAMES C. SMITH, J. Upon the facts found by the court at special term, the defendants can not be regarded

as purchasers or holders *for value,* of the note described in the complaint, or of its proceeds, according to the rule prevailing in this state, so as to exclude the claims of the plaintiff, who is the real owner. The facts that the defendants held the note as collateral security for the payment of any balance of account that might be owing by the Medina Bank; that the Medina Bank was largely indebted to the defendants before the note in question was received by the latter; and that the defendants credited said debtor, in account, with the amount of the proceeds of the note, when-collected, do not, of themselves, constitute a valuable consideration within the rule referred to, notwithstanding the defendants so credited said proceeds in good faith, in the ordinary course of business, and without notice of the plaintiff's title. (*Stalker* v. *Mc-Donald,* 6 *Hill,* 93.) The only other fact, found by the court, upon which the defendants rely, is, that shortly after the proceeds of the note were credited in account, the defendants paid drafts drawn upon them by the Medina Bank amounting to several thousand dollars, and that said bank is still indebted to the defendants therefor, and is insolvent. But it is not found that the defendants paid said drafts upon the credit or *faith* of the note in question, or of its proceeds. Without this, the subsequent advances are insufficient to sustain the defendants' claim. (*McBride* v. *The Farmers' Bank,* 26 *N. Y. Rep.* 450.)

The defendants insist, however, that by the advances refered to they *paid the claim* which the Medina Bank had against them for the amount collected on the note; but here again, the difficulty is that the court has not so found.

The defendants also contend that the plaintiff can not maintain this action, for the reason that their bank was the agent of the Medina Bank in respect to the collection of the note, and owed no duty to the plaintiff. But the pleadings admit the reverse of this to be the fact. The complaint expressly alleges that " the plaintiff employed the defendant to collect the note; which the defendant undertook to do ;"

West *v.* American Exchange Bank.

and this allegation is not denied by the answer. The most that can be claimed by the defendants is that the answer contains a version of the transaction which is in some respects inconsistent with the allegation in the complaint; but that does not amount to a denial. (*Wood* v. *Whiting*, 21 *Barb.* 190.) It has been said that an allegation which, if uncontroverted, is to be taken as true, should be direct and positive; one which at most merely implies a fact or justifies an inference that such is or will be claimed to be the fact should not be construed as a material allegation. (*Per Bosworth, J. Oechs* v. *Cook*, 3 *Duer*, 161.) The correctness of these observations when applied to an affirmative allegation, or an allegation of new matter, can not be questioned. The like remarks are equally applicable to an allegation in an answer by which it is attempted to deny a material allegation in a complaint, or, in other words, "to join issue." A denial may be general or specific, at the option of the pleader, but in either case it must be direct and unequivocal. If it merely *implies* that the allegation is controverted, or justifies an *inference* that such is or will be claimed to be its effect, it will not be construed as a denial. Tested by this rule, the answer before us does not deny the allegation referred to, contained in the complaint, and that allegation being uncontroverted is to be taken as true, for the purpose of the action. This being the requirement of the statute, (*Code*, § 168,) the fact thus admitted by the pleadings can not be contradicted or varied by evidence; and as the judgment of the court below is contrary to such fact, it is erroneous.

The judgment should be reversed, and a new trial ordered, with costs to abide the event.

Ordered accordingly.

[MONROE GENERAL TERM, March 6, 1865, *E. Darwin Smith, J. C, Smith* and *Johnson,* Justices.]