WITHERBURY (UNITED STATES v.). See Case No. 16,747.

---

## Case No. 17,917.
### WITHERELL v. WIBERG.

[4 Sawy. 232; 9 Chi. Leg. News, 271; 15 Alb. Law J. 392.] [1]

Circuit Court, D. Oregon. April 12, 1877.

NATURE OF MORTGAGE—MORTGAGEE'S RIGHT TO POSSESSION—FRIVOLOUS PLEA.

1. In Oregon a mortgage is a mere security, and the mortgagor, both before and after condition broken, is the owner of the premises, subject to the lien of the mortgage, and he cannot be deprived of the possession of the same against his will otherwise than by foreclosure and sale.

[Cited in Oregon & W. Trust Inv. Co. v. Shaw, Case No. 10,556; Semple v. Bank of British Columbia, Id. 12,659 and 12,660; Gest v. Packwood, 34 Fed. 373.]

2. A mortgagee has no right or authority to take possession of the mortgaged premises and hold the same for the satisfaction of his debt without the consent of the mortgagor.

[Cited in Edwards v. Wray. 12 Fed. 44; The Holladay Case, 29 Fed. 230.]

3. A plea stating that the defendant is in possession as assignee of an unsatisfied mortgage, but which does not allege that he entered with the assent of the mortgagor, is frivolous, but not sham or redundant.

[Cited in Oregonian Ry. Co. v. Oregonian Ry. & Nav. Co., 22 Fed. 249.]

4. The nature and duration of an estate license or right to the possession, how pleaded within the meaning of section 316, Civ. Code Or.

[Cited in Lewis v. Oregon Cent. R. Co., Case No. 8,329.]

[This was an action by Timothy D. Witherell against C. M. Wiberg.]

Charles B. Upton, for plaintiff.

Walter W. Thayer, for defendant.

DEADY, District Judge. This action is brought by the plaintiff as a citizen of New Jersey, against the defendant as a citizen of Oregon, to recover the possession of the undivided one-half of two hundred and twenty-two acres of land, situate in Multnomah county.

Among other defenses, the answer contains a plea that the defendant "has a right to the possession" of the premises; "that the nature and duration of said right is that of a mortgagee in possession under a certain mortgage executed by H. F. Davis, the owner of said lands in fee to I. A. Davenport, on January 11, 1859, of which defendant is assignee, and upon which there is now due

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission. 15 Alb. Law J. 392 contains only a partial report.]

the sum of $4786; and that he is entitled to the possession of said property until the payment of said amount due upon said mortgage."

The plaintiff moves to strike out this defense "because the same is sham, redundant and frivolous." The defense is neither sham nor redundant. A sham defense is one which is palpably false. Bachman v. Everding [Case No. 708]; Hadden v. New York Silk Manuf'g Co., 1 Daly, 388. Nothing appears from which the court could even surmise, let alone declare that this plea is false. If redundant matter be inserted in a pleading, it may be stricken out on motion. Civ. Code Or. § 84. But an answer or defense cannot be stricken out, as a whole, upon the ground or redundancy. Redundancy consists in irrelevant allegations or unnecessary repetitions, or perhaps prolixity of statement of such as are material; and the motion to strike out must be directed at such allegations, repetitions or statements. Bowman v. Sheldon, 5 Sandf. 657; Fasnacht v. Stehn, 53 Barb. 651. Section 74 of the Code authorizes an answer or defense to be stricken out as a whole if it be frivolous. Under the New York Code (section 247) the plaintiff, in case of a frivolous answer or defense, is entitled on motion to judgment on the pleadings. An answer or defense is frivolous when it contains nothing which affects the plaintiff's case—when it denies no material averments of the complaint and sets up no defense thereto. Hull v. Smith, 1 Duer, 649.

Counsel for the plaintiff maintains that this plea contains no defense to this action, because: (1). It does not comply with section 316 of the Civil Code, which provides that "The defendant shall not be allowed to give in evidence any estate in himself or another in the property, or any license or right to the possession thereof, unless the same be pleaded in his answer. If so pleaded, the nature and duration of such estate or license, or right to the possession, shall be set forth with the certainty and particularity required in the complaint." And (2) it does not allege that the defendant took possession of the premises with the consent of the mortgagor.

On the argument it was suggested by counsel for defendant that the phrase, "nature and duration of such estate," etc., was uncertain, and therefore it was difficult to say how much or how little particularity and detail is required in a defense of this kind. But the force of the suggestion is not perceived. The "duration" of an estate, whether it be in fee or at will, signifies the quantity or duration of the tenant's interest in the premises. The term is well known to the common law. 2 Bl. Comm. 103; 1 St. Wash. 45.

To set forth in a plea. then, the duration of the estate or right to the possession which a defendant may claim in the premises, is simply to state the quantity of his interest therein, or the length of time he is entitled to the possession thereof. The "nature" of an estate signifies its qualities or incidents, without reference to its duration or extent, as that it is upon condition, or is held jointly or in severalty. This term is also well known to the common law. 2 Bl. Comm. 152, 178; Wash. St. 406.

To set forth this "nature" and duration, then, in an answer, "with the certainty and particularity required in a complaint," must ordinarily be a very simple matter. It is sufficient to allege that the party is the sole or part owner in fee-simple or upon condition, or for life or years of the premises, as the case may be; or, in case of some special license or right to the possession for a limited time or special use, to state succinctly the license or right to the possession as claimed, with the necessary facts constituting it.

This defense may be insufficient on demurrer for not stating the fact directly with the circumstance of time that the mortgage or debt secured thereby was duly assigned to the defendant, instead of the allegation, "of which the defendant is the assignee." But it is not frivolous on that account. The fact is stated that the defendant is the assignee of the mortgage, and if that is deemed insufficient or too uncertain, the objection must be made by demurrer or motion to make more definite and certain. Civ. Code, §§ 66, 84.

But, if it is necessary that it should appear that the defendant is in possession with the consent of the mortgagor or his assignee, I suppose this defense is frivolous. This is a question upon which this court follows the law of the state, as expounded by its supreme court.

At common law a mortgagee in fee of land is considered as absolutely entitled to the estate, subject to its being defeated by the grantor's performance of the condition in his deed—as the payment of a sum of money in a prescribed time and manner; and also, if so provided, to the grantor's right to occupy until a failure to perform the condition. But upon such failure the mortgagee at once becomes the absolute and unconditional owner of the estate. 1 St. Wash. 510; 4 Kent, Comm. 154.

But this doctrine was long since modified by the courts of equity. In Casborne v. Scarfe, 1 Atk. 603, Lord Hardwicke laid down the rule that the mortgagor in possession was the owner of the land; and in Rex v. Inhabitants of St. Michael's in Bath, 2 Doug. 632, Lord Mansfield held that the mortgage was only a security, saying: "It is an affront to common sense to say the mortgagor is not the real owner."

The doctrines of equity on this subject have been gradually recognized by courts of law, so that a half century ago Chancellor Kent could exultingly say: "The case of

mortgages is one of the most splendid instances in the history of our jurisprudence of the triumph of equitable principles over technical rules, and the homage which those principles have received by their adoption in the courts of law." 4 Kent, Comm. 158.

At this day, in some of the states, notably New York, Wisconsin and California, the equitable doctrine has been followed to its logical results, so that a mortgage is there considered a mere chose in action, a security for the debt, while the mortgagor is considered the owner of the premises, subject only to the lien of the mortgage, until a foreclosure and sale. Jackson v. Willard, 4 Johns. 42; Runyan v. Merserau, 11 Johns. 538; Waring v. Smyth, 2 Barb. Ch. 135; Jackson v. Bronson, 19 Johns. 325; Gardner v. Heartt, 3 Denio, 234; Kortright v. Cady, 21 N. Y. 363; Trim v. Marsh, 54 N. Y. 603; 4 Kent, Comm. 157; Russell v. Ely, 2 Black, 576; McMillan v. Richards, 9 Cal. 409; Fogarty v. Sawyer, 17 Cal. 592; Dutton v. Warschauer, 21 Cal. 621; Kidd v. Teeple, 22 Cal. 262; Bludworth v. Lake, 33 Cal. 264.

This result has been facilitated by the force of legislation, of which section 323 of the Oregon Civil Code is a substantial copy. It declares, "A mortgage of real property shall not be deemed a conveyance, so as to enable the owner of the mortgage to recover the possession of the real property without a foreclosure and sale according to law." In Kortright v. Cady, supra, the court in speaking of this statute, says, "that the legislature in enacting it undoubtedly supposed they had swept away the only remaining vestige of the common law which regarded a mortgage as a conveyance of the freehold."

In Anderson v. Baxter, 4 Or. 110, the supreme court of this state held that "a suit to foreclose a mortgage is not for the determination of any right or claim to or interest in real property, but a proceeding to have the mortgaged property adjudged to be sold to satisfy the debt secured thereby. * * * It is the mere collection of a debt charged upon specific property by resorting to the property as a means of satisfying it." This is equivalent to saying that the mortgage is a mere security for the debt, and that the mortgagee acquires no interest in the property by virtue of the mortgage, but only the right to subject it, according to a prescribed proceeding, to the satisfaction of his debt.

In Roberts v. Sutherlin, 4 Or. 222, the same court, commenting upon the case of Anderson v. Baxter, said that it was therein determined "that the execution of a mortgage does not vest in the mortgagee any title to or interest in the mortgaged premises, but that it is only a security for a debt, similar to that created by a judgment." In effect, this squares with the celebrated dictum in Gardner v. Heartt, supra: "The mortgagee has neither a jus in re nor ad rem, but a specific lien, similar in character to a general lien created by a judgment upon the land of the judgment debtor." In Roberts v. Sutherlin the action was ejectment, and the defendant pleaded that the premises were mortgaged to secure the payment of a certain sum of money of which a certain portion was still due, and that the mortgage was duly assigned to the defendant, who "entered into the possession of the premises with the full assent of plaintiff."

On demurrer this was held a good defense, the court saying, that while by reason of section 323, suprá, "a mortgagor cannot against his will be ·divested of his possession of the mortgaged premises, even after a default without a foreclosure and sale, * * * we know of no law or of any good reason to prevent the mortgagor from placing his mortgagee in possession of mortgaged premises if he chooses to do so. * * * And when the duration of the possession of the mortgagee thus acquired is not limited by his agreement with the mortgagor, we think that the legal effect of the same is, that he may retain it until his mortgage debt is paid. And we do not think that this doctrine conflicts with the rule that a mortgage is simply a security for a debt, and vests in the mortgagee no legal title to or interest in the mortgaged premises." From these decisions, it appears that the rights of parties to a mortgage in this state are governed by what is called the doctrine of equity, as distinguished from the original common law rules on the subject. As was said by Mr. Justice Field, in McMillan v. Richards, supra, "the original character of mortgages has undergone a change. They have ceased to be conveyances, except in form. They are no longer understood as contracts of purchase and sale between the parties, but as transactions by which a loan is made on the one side and security for its repayment furnished on the other. They pass no estate in the land, but are mere securities, and default in payment of the money secured does · not change their character."

Notwithstanding this change in the law of mortgages, the mortgagee is still so far favored that, if after default in the payment of the debt he acquires possession of the premises lawfully, he may hold them until the rents and profits satisfy the same. And this brings us to the real question in this case, what under the circumstances constitutes a lawful possession of or entry upon the mortgaged premises by the mortgagee? In Roberts v. Sutherlin, the court said that possession obtained with the assent of the mortgagor is lawful, and no case has been found which expressly makes such possession or entry lawful without such assent. Indeed, it is impossible to conceive how a person like a mortgagee, who, in the language of Roberts v. Sutherlin, has "no legal title to or interest in the mortgaged

premises," could lawfully enter upon and possess the same without the assent of the owner. It follows as a logical deduction from the premise, that a mortgage passes no estate in the land, and a default in payment does not change its character, that a mortgagee cannot acquire lawful possession of the mortgaged premises by an entry thereon, even if peaceable, without the consent of the owner, the mortgagor. Otherwise the mortgagor might be divested of his possession against his will; and this the court in Roberts v. Sutherlin say cannot now be done.

In Waring v. Smith, supra, the court say: "The only right the mortgagee now has in the land itself is to take possession thereof, with the assent of the mortgagor, after the debt has become due and payable, and retain such possession until the debt is paid." In Fogarty v. Sawyer, 17 Cal. 593, the court say that the statute preventing the mortgagee from maintaining ejectment against the mortgagor, "takes from the mortgagee all right to the possession, either before or after condition broken." In Johnson v. Sherman, 15 Cal. 287, the court, after stating that the possession of the mortgagee under the mortgage "does not change what was previously a security into a seisin of the freehold;" says: "Possession taken by consent of the owner"—the mortgagor—"or by contract with him, may confer rights as against third parties, but they are independent and distinct from any rights springing from the mortgage, from which they derive no support." This language was quoted with approval in Dutton v. Warschauer, 21 Cal. 625; in which latter case the court say: "Although a mortgage in this state of itself confers no right of possession, yet, when possession is taken by the mortgagee after condition broken, by consent of the mortgagor, it will be presumed, in the absence of clear proof to the contrary, to be the understanding that the mortgagee is to receive the rents and profits and apply them to the payment of the debt secured." In Russell v. Ely, 2 Black, 578, the supreme court, in commenting upon the Wisconsin statute which prevents the mortgagee from recovering possession until the equity of redemption has expired, say: "If the mortgagee has no right to recover the possession by legal proceedings, it would seem that he should not be permitted in any other manner to obtain that possession against the consent of the mortgagor or the person holding under him." But in Pell v. Ulmar, 18 N. Y. 142, it is stated that if "the mortgagee obtains possession without force," he is entitled to hold against the mortgagor; citing Van Duyne v. Thayre, 14 Wend. 236; Phyfe v. Riley, 15 Wend. 254; Watson v. Spence, 20 Wend. 262; and Fox v. Lipe, 24 Wend. 164. Now a possession obtained "without force" may also be obtained without the consent of the mortgagor, and if that is the sense in which this dictum

is used in Pell v. Ulmar, it appears to stand alone, and is certainly not borne out by the authorities cited in its support. In Van Duyne v. Thayre, the court say: "If the mortgagee, after forfeiture entered into possession, either by the consent of the mortgagor or by means of legal proceedings, he may defend himself there, at least until his debt is paid." In Phyfe v. Riley, the language used is: "But if the mortgagee, after forfeiture, obtains possession in some legal mode other than by an action," why should the mortgagor recover the possession without paying the money secured by the mortgage? In Watson v. Spence, the expression is: "If the mortgagee, as such, had obtained possession, he could still hold until payment," the court citing the last two cases, thereby indicating that the possession intended must be obtained with the consent of the mortgagor, or by legal proceedings. In Fox v. Lipe, it was held that a mortgagee who enters under a sale made by authority of a power in the mortgage, may defend his possession against the mortgagor, even if the authority be doubtful. And in the comparatively late case (1874) of Trim v. Marsh, 54 N. Y. 604, it is said, that since the statute has taken away the right of the mortgagee to recover the possession of the premises, "the mortgagor, both before and after default, is entitled to the possession of the premises, of which he cannot be deprived without his consent, except by foreclosure."

Considered, then, either in the light of authority or reason, it seems that the possession of the mortgagee must be taken with the assent of the mortgagor. Upon the modern doctrine concerning the nature and effect of mortgages, which appears to prevail in this state, the mortgagee has no interest in the mortgaged premises. His lien is likened to that of a judgment lien creditor. His right is to have satisfaction of his debt, and his remedy, as mortgagee, is not a right to take possession of the premises, but to have them sold upon judicial proceedings. This being so, he cannot lawfully enter upon the mortgaged premises without the consent of the owner, any more than the judgment lien creditor can enter upon the lands of his debtor. Because the premises happen to be vacant, or the mortgagor's back turned, and the mortgagee is thereby entitled to get upon them without a breach of the peace, this does not make his entry lawful. A person cannot lawfully enter upon the lands of another without some right or authority for so doing. A peaceable entry is not per se lawful. An entry without right or authority, however peaceable, is tortious, and cannot avail the party making it anything. As the mere relation of mortgagor and mortgagee does not give the latter the right to enter and occupy for any purpose or time, the authority to do so, if any exists—apart from legal proceedings—must arise out of some

contract, consent or agreement with the mortgagor by matter collateral to and independent of the mortgagee.

It follows that, as this plea does not show any right or authority in the defendant to take possession of or occupy the premises as against the owner, the plaintiff, it is frivolous and worthless. The motion to strike out is allowed.