PLACE v. BLEYL.

(Supreme Court, Appellate Division, Third Department. November 21, 1899.)

1. ACTION FOR SERVICES—PLEADING—ANSWER.
    An answer, in an action to recover for services rendered, which did not deny the contract set out in the complaint, but alleged that the services for which plaintiff claims were in fact rendered by another, does not plead a defense.

2. TRIAL—MOTION FOR JUDGMENT ON PLEADINGS.
    A plaintiff may move for judgment on the pleadings after he has replied to a counterclaim set out in the answer, and did not demur to the answer.

3. PARTNERSHIP—SUIT BY SURVIVING PARTNER.
    A surviving member of a firm can sue in his own name for claims due the firm.

Appeal from trial term.

Action by William H. Place against Edward Bleyl. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

H. D. Wright, for appellant.
Frank Talbot, for respondent.

PARKER, P. J. The complaint substantially sets forth that the plaintiff, upon defendant's order and request, performed services for him in sawing lumber at an agreed price, that such services amounted to and were of the just value of $830, and that by reason thereof defendant was indebted to him in that amount. The answer nowhere contains a denial, either general or specific, of such averments. It is true that the second defense, read in connection with the first, amounts substantially to a statement that the "work, labor, and services set forth in the complaint" (that is, the services for which plaintiff claims) were in fact rendered by one Van Denberg, who had for a long time been the owner and in possession of the mill where the lumber was sawed, and under a contract made with him, and who the defendant supposed and then believed still owned and operated it for his own benefit. But a version of the transaction inconsistent with that set forth in the complaint is not a denial. West v. Bank, 44 Barb. 175, 179; Powers v. Railroad Co., 3 Hun, 285, 286; Fleischmann v. Stern, 90 N. Y. 110, 114. The appellant's counsel, however, argues to us that, if plaintiff allowed Van Denberg to remain in possession of the mill, and so enabled him to conceal his agency, and to contract as if the mill, and the right to use the same, were still his own, the plaintiff should be the one to suffer by reason of Van Denberg's deception, and that, if plaintiff would take to himself the benefits of Van Denberg's contract to saw the lumber, he must take it subject to the mode of payment agreed to in such contract, viz. that it should be applied on Van Denberg's note; and he invokes, as applicable to this case, the principle referred to by Judge Finch in Wright v. Cabot, 89 N. Y. 574. But the difficulty is that no such defense was set up in his answer, and hence, if applicable to this case, he is not in a condition to prove it. There is no averment that Van Denberg was acting as plaintiff's agent, nor that the mill was plaintiff's, and Van Denberg was operating it. The admission— which follows from a neglect to deny—that he (defendant) contracted at an agreed price for the sawing of the lumber with the plaintiff is utterly inconsistent with the claim that Van Denberg, though really agent, concealed it and assumed to contract as principal. No such issue as he argues before us was raised by the answer, and therefore it was not considered by the trial court, nor is it to be considered upon this appeal.

The plaintiff clearly had the right to move for judgment on the pleadings, although he had omitted to demur, and although he had replied to the alleged counterclaim. Dinan v. Coneys, 143 N. Y. 544, 38 N. E. 715.

Also, there was no defect of parties plaintiff. There is no averment in the answer that Van Denberg ever transferred the mill property to Place and Hunt. But, even if Hunt had been interested with Place in the sawing in question, upon his death Place could sue in his own name as a surviving partner.

There is really no defense set up in the answer, and the judgment on the pleadings must be affirmed.

Judgment affirmed, with costs. All concur.