REESE v. WALWORTH et al.

(Supreme Court, Appellate Division, Fourth Department. April 30, 1901.)

1. FRIVOLOUS PLEADING—ANSWER.

Code Civ. Proc. § 537, provides that if an answer is frivolous the party prejudiced thereby may apply to the court, on notice to the adverse party, for a judgment thereon. Defendant averred in his answer that the note and mortgage in suit had not been assigned to plaintiff, and that certain payments which he had made had not been credited. *Held*, that it was error to strike out part of the answer as frivolous, and to direct judgment for plaintiff, since such relief can be given only when the whole answer is frivolous, and the averment as to assignment and payments denied material allegations of the complaint.

2. SAME—SHAM ANSWER.

Code Civ. Proc. § 538, provides that a sham answer may be stricken out by the court on motion. An answer in a foreclosure suit averred that payments had been made by the mortgagor which were not credited, and that the note and mortgage had not been assigned to plaintiff, as alleged in the complaint. Plaintiff admitted that the payments were made as averred in the answer, but denied the amount which should be credited on the mortgage. *Held*, that it was error to strike out the answer as sham and to direct judgment for plaintiff, since the averments as to payment were admitted.

3. INFORMATION AND BELIEF.

Code Civ. Proc. § 500, provides that an answer must contain a general or specific denial of each material allegation of the complaint, or of any knowledge or information thereof sufficient to form a belief. Defendant denied knowledge and information sufficient to form a belief that the note and mortgage in suit had been assigned to plaintiff. *Held* that, in the absence of evidence that defendant at the time of making the denial had any knowledge on the subject, it was error to strike out the answer as sham.

Appeal from special term, Oneida county.

Action by John H. Reese against Edward H. Walworth and another, impleaded with Patrick H. Grogan and others. From an order striking out a part of defendant's answer as sham and frivolous, and directing judgment for plaintiff, defendant appeals. Reversed.

Plaintiff admitted that defendant had made the payments averred in his answer, but denied the amount which should be credited on the mortgage in suit.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

E. O. Worden, for appellant.
A. F. Sayles, for respondent.

WILLIAMS, J. The order appealed from should be reversed, with $10 costs and disbursements. The ground stated in the order for striking out a portion of the answer as sham or frivolous is quite indefinite. The relief on account of a frivolous answer is an application for judgment, under section 537, Code Civ. Proc. The court, however, can afford this relief only where the whole answer is frivolous; the theory being that there is in effect no answer at all, and therefore the plaintiff should have judgment as for failure to answer. There is no provision for striking out an answer, or any part thereof, as frivolous. Clearly, the order appealed from cannot be sustained as directing judgment on account of a frivolous answer. The answer denied material allegations of the complaint, and alleged payments other than those stated and allowed by the complaint. Such an answer cannot be regarded as frivolous. A sham answer or defense may be stricken out by the court, upon motion, under section 538, Code Civ. Proc. A sham answer is a false answer. The answer here denied, in the form provided by the Code of Civil Procedure, that the bond and mortgage in suit had been assigned to the respondent, and it alleged payments other than those stated and allowed by the complaint. The order was made upon the basis that the allegation as to payments was true, and therefore the answer in that respect was not sham or false. The denial as to the transfer of the bond and mortgage to the respondent was a denial of knowledge or information sufficient to form a belief. Such a denial was proper, under section 500 of the Code of Civil Procedure, and there is nothing in the record to show that the appellant when he made such denial had any knowledge or information on the subject, or that the allegation was in any way sham or false. It may well be that such transfer had in fact been made. The proof given on the motion very satisfactorily showed the respondent was the owner of the bond and mortgage when the action was commenced, but the falsity of the denial in the answer was not thereby established. The remedy afforded by this order was unauthorized. The case should have been tried on the pleadings, and determined in the ordinary way.

The order must be reversed, with $10 costs and disbursements. All concur.