(38 Misc. Rep. 294.)

### SOPER v. ST. REGIS PAPER CO.

(Supreme Court, Special Term, Kings County. June, 1902.)

**1. VENDOR AND PURCHASER—NOTE FOR PRICE.**
 In an action against a corporation for its note, given in part payment for land of which it retains possession, it does not set up a sufficient defense by answering that it was induced to make the note on false representations as to the timber growing on the land, and that the plaintiff participated in making the representations, where there is no offer to rescind or to reconvey.

**2. PLEADING—DENIAL.**
 Where there is no general or specific denial, as required by Code Civ. Proc. § 500, in an answer, the allegations thereof, however inconsistent with those of the complaint, cannot be received as a substitute for such denial.

Action by Frederick D. Soper against the St. Regis Paper Company. Motion for judgment on answer as frivolous granted.

Henry W. Jessup, for the motion.
Henry Purcell, opposed.

GAYNOR, J. The action is on a promissory note, by endorsee against maker. The complaint consists of the usual allegations, that the defendant made and delivered the note for value, and that the payee endorsed the same and transferred it to the plaintiff for value, who owns and holds the same, etc.

The answer contains no denial, but consists wholly of matter pleaded as a "defence," viz., that the note and other notes by the defendant, with a certain amount in the shares of stock of the defendant, were given to the said payee in payment of the purchase price of certain land conveyed by the payee to the defendant; that the said payee made certain false and fraudulent representations concerning the quantity of spruce pulp timber growing on the land, in order to induce and which did induce the defendant to purchase the land, and that the plaintiff participated in the making thereof.

This is not a "defence." The defendant may not keep the land and refuse to pay the purchase price. It is only where there is a complete failure of consideration, i. e., where the purchaser gets no title, and is evicted by a paramount title, that the purchase price need not be paid. Dunning v. Leavitt, 85 N. Y. 30, 39 Am. Rep. 617. Here the defendant got good title, and keeps the land, but claims that it was induced to purchase by false representations respecting the value of the land.

If a vendee of land who was induced to purchase by means of false representations, does not rescind, and offer to reconvey, he may only sue for damages for the fraud, or plead a counterclaim for such damages in an action against him for the purchase price. He cannot exonerate himself from liability for the purchase price except by rescinding and offering to reconvey on discovering the fraud. Krumm v. Beach, 96 N. Y. 398.

It is claimed that the facts pleaded here as a "defence" are so inconsistent with the allegations of the complaint as to amount to a denial thereof, although there is no formal denial in the answer, as is required by the Code of Civil Procedure (section 500); and that therefore the answer if not good as a "defence" is good as a "denial." But it is a long established rule of pleading that such inconsistent allegations of fact in an answer cannot be accepted in lieu of a formal denial. As was said in the recent case of Smith v. Coe, 170 N. Y. 162, 63 N. E. 57:

"But, as already stated, there was no denial, general or specific, of the allegations of the complaint referred to, except so far as such denial could be spelled out or inferred from an inconsistent version of the transaction given by the pleader in the answer. The allegations of the complaint are controverted or put in issue only by a general or specific denial. A material fact alleged is not controverted or put in issue by a statement inconsistent with the facts alleged, or from which a general denial may be implied or inferred. Rodgers v. Clement, 162 N. Y. 422, 428, 56 N. E. 901, 76 Am. St. Rep. 342; Fleischmann v. Stern, 90 N. Y. 110; Marston v. Swett, 66 N. Y. 210, 23 Am. Rep. 43; Wood v. Whiting, 21 Barb. 190; West v. Bank, 44 Barb. 175."

In the subsequent case of Railroad Co. v. Hinchcliffe, 170 N. Y. 481, 63 N. E. 545, however, the contrary seems to be held. Facts affirmatively and formally alleged as a "defence" were demurred to for insufficiency. It was held that they were insufficient, not being new matter, constituting a defence, as required by the Code, § 500, but that they had to be taken as amounting to a denial of the allegations of the complaint though not in form or in fact a denial, but only inconsistent with the allegations of the complaint, and the de-

77 N.Y.S.—57

murrer was on that ground overruled. The language of the court is as follows:

"It may be conceded that this defence is not new matter, as it is not in avoidance or confession (meaning, presumably, in confession and avoidance) of the matters set forth in the complaint. But it is none the less a defence, because it is what is termed in pleading a denial."

I own not to understand this, or how a "defence" can be a "denial" at all. A defence can be good at all only on the theory that the complaint is true in all of its allegations. That is the test of the sufficiency of a defence. On the trial, or on a motion for judgment on the answer as frivolous, affirmative allegations in the answer inconsistent with the allegations of the complaint cannot be taken as or in lieu of a formal denial; nor can they be so taken on a motion to strike them out as frivolous; and yet here is a decision that they must be so taken if they be demurred to. If demurred to such allegations must be accepted as a denial, according to this decision; but on the trial, or on a motion for judgment, or to strike out, they cannot be so accepted. But how can they be a denial in one case and not in the other?

It seems to me (for I must choose between them) that the case first cited undoubtedly states the true rule. It gives the rule as the profession has long understood and applied it.

But aside from all this, I do not think the allegations of the defence in this case are inconsistent with those of the complaint.

The motion is granted, with $10 costs.