FREDERICK D. SOPER, Respondent, *v.* ST. REGIS PAPER COMPANY, Appellant.

*Frivolous answer — what is the remedy — a material fact is not put in issue by a statement of matter inconsistent therewith — partial failure of consideration — a reply to an answer does not preclude a motion thereon for judgment.*

A frivolous answer is one which denies no material allegation of the complaint and sets up no defense, and the proper practice, where such an answer is interposed, is for the plaintiff to apply for judgment upon the pleadings under section 537 of the Code of Civil Procedure. This relief can only be granted where the whole answer is frivolous.

A material fact alleged in a complaint is not controverted or put in issue by matter alleged in the answer which is merely inconsistent with the fact set forth in the complaint or from which a denial of such fact may be implied or inferred. The specific facts stated must be such as necessarily controvert the allegations of the complaint.

The complaint in an action brought to recover upon a promissory note made by the defendant to the Forest Land and Mill Company and thereafter transferred to the plaintiff, set forth the usual facts necessary to support an action upon a promissory note. The defendant interposed an answer containing neither a general nor specific denial of any of the material facts alleged in the complaint, but alleging as a defense that the plaintiff and others had practiced a fraud upon the defendant in a sale to it of a tract of land, and that the note was given in part payment for the said land and was transferred to the plaintiff with full knowledge of such fraud. The plaintiff, treating the answer as a

counterclaim, served a reply thereto and subsequently made a motion for judgment upon the pleadings.

*Held,* that as it appeared from the answer that there had been only a partial failure of the consideration by reason of the alleged fraud, and that the defendant still retained the consideration given for the note, the facts pleaded did not constitute a defense to the cause of action set forth in the complaint and that the answer was accordingly frivolous;

That the fact that the plaintiff had, for prudential reasons, interposed a reply did not deprive him of his right to move for judgment upon the pleadings.

APPEAL by the defendant, the St. Regis Paper Company, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 25th day of June, 1902, directing judgment for the plaintiff upon the pleadings.

*Henry Purcell,* for the appellant.

*Henry W. Jessup,* for the respondent.

WOODWARD, J.:

This action was brought to recover on a promissory note of $2,000, made by defendant July 1, 1899, to the Forest Land and Mill Company, and thereafter transferred to the plaintiff, and was commenced August 23, 1901. The defendant answered on August 23, 1901, interposing as a defense that the plaintiff and others, in the sale of a large tract of forest land in the Adirondacks, practiced a fraud upon the defendant; that the note in question was given in part payment of the said land and was transferred to the plaintiff with full knowledge of the alleged fraud, he being a party to the transaction. The plaintiff, treating the answer as a counterclaim, by way of new matter, served a reply on September 11, 1901. Both parties noticed the case for trial for the Kings County Trial Term commencing October 7, 1901, and on the 28th of May, 1902, the motion on which the order appealed from was granted was made, returnable on the tenth of June.

The plaintiff's complaint sets out the usual facts necessary to support an action upon a promissory note. The answer makes neither a general nor specific denial of any of the material facts alleged in the complaint, nor does it, as in the case of *Staten Island M. R. R. Co.* v. *Hinchliffe* (170 N. Y. 473, 481), set out any facts which

are inconsistent with the facts alleged in the complaint, constituting in pleading a denial. Section 522 of the Code of Civil Procedure provides that "Each material allegation of the complaint, not controverted by the answer, * * * must, for the purposes of the action, be taken as true," and this rule is universally recognized and followed. (*Fleischmann* v. *Stern*, 90 N. Y. 110, 115, and authorities there cited; *Tisdale* v. *President, etc., D. & H. C. Co.*, 116 id. 416, 419, and authorities there cited.) The answer of the defendant, while setting out in detail the transaction which resulted in the making and uttering of the note in suit, which is but one of a large number, and alleging fraud, in which the plaintiff is involved, does not state a single fact, so far as we are able to discover, which is inconsistent with, or which constitutes a denial of any of the material allegations of the complaint, and the rule is well settled that a material fact alleged is not controverted or put in issue by a statement inconsistent with the facts, or from which a denial may be implied or inferred. (*Rodgers* v. *Clement*, 162 N. Y. 422, 428, and authorities there cited; *Smith* v. *Coe*, 170 id. 162, 167.) The only exception to this rule, if it may be properly called an exception, is where the specific facts stated in a pleading are such as to necessarily controvert the allegations of the adverse party. For instance, if a complaint should allege that a certain sum of money was due from the defendant, and the defendant, in answering, should allege that the amount had been paid, this, though not in common acceptation of the word a denial, would, in law, be a denial; it would raise an issue, and this is what the law contemplates in pleadings. Indeed, the language of section 522 of the Code of Civil Procedure contemplates a latitude in the use of the word "denial," for it provides that "each material allegation of the complaint not controverted by the answer" is to be accepted as true, and any statement of facts which tenders a specific issue — which raises a question material to the action — may properly be regarded as controverted. This, we take it, is the meaning of the court in *Staten Island M. R.-R. Co.* v. *Hinchliffe* (*supra*), and in the modification suggested in the memorandum on the motion for a reargument in the case of *Smith* v. *Coe* (*supra*), where the court say (p. 613): "It is but fair to say that, in so far as the opinion in the case deals with the question of pleading, and in so

far as it is asserted that the answer was not sufficient to present any issue of fact for trial, it should be modified. The suggestions made by the learned counsel for the defendants on this motion have satisfied us that upon a fair construction of the answer, taken as a whole, and in view of the fact that no specific objection was made at the trial based upon its insufficiency, it should be treated in this court as tendering an issue upon some material allegations of the complaint." But in the case of *Smith* v. *Coe* (*supra*), while the answer did not make any general or specific denial, the defendants gave a different version of the transaction than that set out in the complaint, and in the narrative they denied, what had been alleged in the complaint, that they paid the plaintiff $13,000 on account of the bicycles, or that there was due the sum alleged. They also denied that the bicycles delivered were worth the sum alleged in the complaint, and that they were defective in many parts. It will thus be seen that the court has laid down no new rule.

The motion of the plaintiff, resulting in the order appealed from, was for judgment upon the pleadings upon the ground that the answer did not deny any of the allegations of the complaint nor contain any defense valid at law, and was, accordingly, frivolous. The motion was granted, and, if we understand the law, the plaintiff was entitled to judgment. The relief, on account of a frivolous answer, is an application for judgment under section 537 of the Code of Civil Procedure. The court can afford this relief only where the whole answer is frivolous, the theory being that there is in effect no answer at all, and that, therefore, the plaintiff should have judgment as for a failure to answer. (*Reese* v. *Walworth*, 61 App. Div. 64.) The fact that the plaintiff, for prudential reasons, had put in a reply, does not deprive him of his right to move for judgment where the answer is frivolous (*Place* v. *Bleyl*, 45 App. Div. 17, 19, and authorities there cited), and the only question to be determined is whether the pleading, taken as a whole, is frivolous. A frivolous answer denies no material allegation of the complaint and sets up no defense. (*Hull* v. *Smith*, 8 How. Pr. 149; 1 Duer, 649.) The answer in the case at bar, as we have already pointed out, does not controvert any fact alleged in the complaint; it does not pretend that there has been a complete failure of consideration by reason of the alleged fraud, nor does it ask for any affirmative

judgment or relief.   The defendant, which has received and is still holding the consideration which was given for the note in suit, with several others, and which has made no effort to rescind the contract, seeks by this answer to defeat the plaintiff's recovery by a dismissal of the complaint, although it is conceded in its answer that there has been only a partial failure of consideration by reason of the alleged fraud.   We are clearly of opinion that the facts pleaded do not constitute a defense to the cause of action set forth in the complaint, and that the answer is frivolous.

If the defendant has been defrauded, it may proceed in a court of equity to set aside the transaction by returning the property to the parties of whom it was purchased, or it may retain the property and bring an action to recover the damages which it has sustained, but it cannot retain the property purchased with the notes which it has given and then defeat all recovery upon them by alleging facts which, at the best, show only a partial failure of consideration.

The order appealed from should be affirmed, with costs.

All concurred; BARTLETT and HIRSCHBERG, JJ., in result.

Order affirmed, with ten dollars costs and disbursements.