(120 App. Div. 676)

ANDERSON et al. v. McNEELY et al.

(Supreme Court, Appellate Division, Third Department. June 25, 1907.)

1. DOWER MORTGAGES—FORECLOSURE.

A judgment foreclosing a mortgage executed by a husband alone, cannot affect the paramount inchoate dower right of the wife, made a party to the suit because of her alleged claim of a lien accruing subsequent to the lien of the mortgage.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Dower, §§ 147, 148.]

2. PLEADING—FRIVOLOUS PLEADING—STATUTES.

An answer by a wife, made a party to a suit to foreclose a mortgage executed by her husband alone, because of the alleged claim of a lien accruing subsequent to the lien of the mortgage, which sets up her paramount inchoate right of dower is frivolous within Code Civ. Proc. § 537, authorizing an application for judgment on a frivolous pleading, etc.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1060–1063.]

Appeal from Sullivan County Court.

Action by Frank S. Anderson and another against Archibald I. McNeely and anothe.. From an order striking out the answer of defendant Julia A. McNeely as frivolous, she appeals. Affirmed.

The following is the opinion of Roosa, J., in the court below:

This is a motion to strike out the answer as frivolous. The action is brought to foreclose a mortgage made and executed by Archibald I. McNeely to the plaintiffs.

Julia A. McNeely, the wife of Archibald I. McNeely, did not sign the mortgage. The motion of the plaintiffs is for judgment upon the pleadings, upon the ground that the answer does not deny any of the allegations of the complaint, nor contain any defense valid at law, and is therefore frivolous. The application is made for judgment under section 537 of the Code of Civil Procedure. A frivolous answer denies no material averment in the complaint, and sets up no defense. Soper v. St. Regis Paper Co., 76 App. Div. 409, 78 N. Y. Supp. 782; Hull v. Smith, 8 How. Prac. 149.

The only defense set up by the defendant Julia McNeely is that she has an inchoate right of dower in and to the premises described in the complaint. No action taken by these plaintiffs could debar her of her inchoate right of dower in the real estate of her husband; she not having signed the mortgage. Any dower right she may have is paramount to the mortgage. She was made a party because "she had some interest or lien upon the mortgaged premises which had accrued subsequent to the lien of the mortgage," and any interest she may have had in the real estate, covered by the mortgage and prior to the execution of the mortgage, cannot in any way be interfered with in this proceeding. No matter what action may be taken by the plaintiffs under the complaint in this action, no matter what demand they may make in their prayer for equitable relief, they cannot affect any rights Julia McNeely may have had in the property prior to the execution of this mortgage; she not having signed the instrument. Lewis v. Smith, 9 N. Y. 502, 61 Am. Dec. 706.

Where a person claiming a lien or title prior to the mortgage is made a party, it is not necessary to set up his rights by answer. This applies to the wife of the mortgagor who did not sign the mortgage. Section 844, Thomas on Mortgages. In the case of Merchants' Bank v. Thomson et al., 55 N. Y, 7, Judge Folger, in the opinion of the court, says: "When Thomson executed the mortgage, which was foreclosed, he was married. The mortgage was not given for the purchase money, nor did his wife join in executing it. Hence it did not affect her inchoate right of dower in the premises. Though she was made a party to the action of foreclosure, she was not barred of that right by the judgment therein. There is no allegation in the complaint that the mortgage was prior or superior or hostile to her right of interest. There is the general clause in the judgment that the defendant be foreclosed of all right in the premises. But her inchoate right of dower was not in issue, and there could be no valid adjudication averse to it. Moreover, a foreclosure action is not the proper mode to litigate rights claimed in priority or hostility to the mortgage. A judgment passing upon them is erroneous. A person claiming dower by title paramount to the mortgage cannot be brought into court in such a suit to contest the validity of her dower." In Nelson v. Brown, 144 N. Y. 388, 39 N. E. 356, the court says: "The proceedings in the foreclosure action were ineffectual to determine the question of the plaintiff's right to dower in the mortgaged lands by failing to join with her husband in the execution of the mortgage. Her inchoate dower right remained unaffected and superior to the mortgage. When, after her husband's death, the action of foreclosure was brought, though she was made a party defendant, the complaint tended no issue upon her right to dower. The general allegation to the effect that the defendant had, or claimed to have, some interest in the mortgaged premises, which had accrued subsequent to the lien of the mortgage, could have no reference or relation to her dower right, if it existed; for it would have

been a right paramount to that of the mortgagee." See Fern v. Osterhout, 11 App. Div. 319, 42 N. Y. Supp. 450.

I have carefully examined all the authorities cited in the briefs submitted, and am satisfied the motion to strike out the answer should be granted.

Motion granted, with $10 costs.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCH-RANE, and SEWELL, JJ.

John D. Lyons, for appellants.
F. S. Anderson and G. L. Cooke, for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements on the opinion of Roosa, County Judge.