THE NEW YORK TRUST COMPANY, as Trustee under a Deed of Trust from GEORGE F. UNDERWOOD and JENNIE A. UNDERWOOD, His Wife, Dated July 28, 1920, Appellant, *v.* AMERICAN REALTY COMPANY and Another, Respondents.

First Department, May 29, 1925.

Bills and notes — action by payee against maker — making and delivery admitted — denial of place of delivery and that note was " duly " made does not raise issue — note was given in payment for land conveyed by plaintiff as trustee to defendant — creator of trust was director of defendant at time he purchased land, which defendant desired, and conveyed it to trustee — defense alleged that creator of trust made profit on transaction contrary to his duty as director — defense is insufficient in failing to allege rescission of contract of sale and offer to return land — matter pleaded as defense cannot be treated as counterclaim.

In an action by a trustee of an express trust to recover on a promissory note given by one corporation and guaranteed by another in payment for land transferred by the trustee, the making and delivery of which is admitted by the defendants, a denial that the note was delivered at the place alleged and that it was " duly " made, does not raise an issue.

It is not a good defense that the land was purchased by the creator of the trust, who at the time was a director and an officer of both corporations, with knowledge that one of the corporations desired the land, and that he purchased the same and transferred it to the trustee, who, in turn, transferred the land to the defendant at a profit in violation of the duty of the creator of the trust as a director and an officer of the corporations, for, to make the defense sufficient, there should have been an allegation of an election to rescind the contract of sale and an offer to return the land; the defendant cannot keep the land and refuse to pay the purchase price.

The contention by the defendants that the alleged defense may be treated as a counterclaim is without merit, for the alleged matter in defense is pleaded specifically as a defense and in bar of the action and no affirmative judgment is asked.

APPEAL by the plaintiff, The New York Trust Company, as trustee, etc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of March, 1925, denying plaintiff's motion made under rule 112 of the Rules of Civil Practice for judgment on the pleadings, or in the alternative for summary judgment in accordance with rule 113 of the Rules of Civil Practice.

*William E. Sims* [*Leonard P. Moore* with him on the brief], for the appellant.

*Stetson, Jennings & Russell* [*George A. Brownell* of counsel; *Theodore Kiendl* with him on the brief], for the respondents.

Finch, J.:

The complaint contains seven separate causes of action, the first being for the principal and interest of a promissory note for $100,000 dated November 12, 1920, and due December 1, 1924, made by the defendant American Realty Company to plaintiff and payment thereof guaranteed by the defendant International Paper Company. The other six causes of action are for interest becoming due on November 12, 1924, upon six other notes made and guaranteed by the same parties, the principal amounts of which are not yet due.

The answer contains denials which are similar as to all the causes of action, and also sets up the same defense to all the causes of action. No issues are raised by the denials. The making, guaranty and delivery of the note are admitted, also that the plaintiff is now the owner and holder thereof and that no part of the principal or any of the interest has been paid. The only allegations of the complaint which are denied are the place of delivery and the word " duly " used in the complaint with reference to the making of the note and guaranty and delivery thereof.

Since the making and delivery of the note are expressly admitted, the place of delivery is immaterial. The use of the word " duly " in connection with the making and delivery of the note was surplusage in the complaint, is a mere conclusion of law, and no issue is raised by its denial. Moreover, no facts are set forth in the affidavits to show that the notes were not duly made, indorsed and delivered, except possibly in connection with the defense. Thus, as noted, no issues are raised by the denials.

The defense in brief alleges that George F. Underwood, who created the trust of which the plaintiff is trustee, prior to his death had been a director and member of the executive committee of the defendant International Paper Company and president and a director of the defendant American Realty Company; that the officers and directors of both companies relied on his judgment in the purchase of timber lands and that he had charge of the matter of such purchases; that knowing the International Paper Company was considering the purchase of timber lands in Maine, Underwood and his wife acquired timber lands in that State and conveyed them to the plaintiff as trustee for the benefit of members of his family

18

and charitable purposes, and that subsequently these lands were sold by the plaintiff through Underwood to the defendant American Realty Company and conveyed to it, and the notes in suit given therefor and indorsed by the paper company; that Underwood thereby received secret profits, and that defendants have been damaged to the extent of such profits and in excess of the amounts sought to be recovered herein.

Considered as a defense, the pleading is insufficient, since the defendants cannot retain the property conveyed and, without pleading an election to rescind, at the same time set up the facts relied on as a defense to the action for the agreed price of the property. He may rescind, or he may pay, and bring an action to recover the damages sustained, or counterclaim for such damages in an action brought against him, but a purchaser cannot defeat an action for the purchase price of property while retaining the same, upon the ground of fraud in connection with the transaction, except in so far as he may do so by a counterclaim. In *Soper* v. *St. Regis Paper Co.* (38 Misc. 294; affd., 76 App. Div. 409), an action was brought on a promissory note made by the defendant to the payee who indorsed and transferred it to the plaintiff. Defendant pleaded as a defense that the note and other notes made by the defendant were given to the payee in payment of the purchase price of certain land conveyed by the payee to the defendant; that the payee made certain false and fraudulent representations concerning the quantity of spruce pulp timber growing on the land in order to, and which did, induce defendant to purchase the land and that plaintiff participated in making such representations. A motion was made for judgment on the answer as frivolous. The motion was granted, the court, in its opinion, saying: " This is not a ' defence.' The defendant may not keep the land and refuse to pay the purchase price. It is only where there is a complete failure of consideration, *i. e.*, where the purchaser gets no title, and is evicted by a paramount title, that the purchase price need not be paid (*Dunning* v. *Leavitt*, 85 N. Y. 30). Here the defendant got good title, and keeps the land, but claims that it was induced to purchase by false representations respecting the value of the land.

" If a vendee of land who was induced to purchase by means of false representations, does not rescind, and offer to reconvey, he may only sue for damages for the fraud, or plead a counterclaim for such damages in an action against him for the purchase price. He cannot exonerate himself from liability for the purchase price except by rescinding and offering to reconvey on discovering the fraud (*Krumm* v. *Beach*, 96 N. Y. 398)."

In the Appellate Division (76 App. Div. 409) Woodward, J., in

affirming the order said: " The answer in the case at bar, as we have already pointed out, does not controvert any fact alleged in the complaint; it does not pretend that there has been a complete failure of consideration by reason of the alleged fraud, nor does it ask for any affirmative judgment or relief. The defendant, which has received and is still holding the consideration which was given for the note in suit, with several others, and which has made no effort to rescind the contract, seeks by this answer to defeat the plaintiff's recovery by a dismissal of the complaint, although it is conceded in its answer that there has been only a partial failure of consideration by reason of the alleged fraud. We are clearly of opinion that the facts pleaded do not constitute a defense to the cause of action set forth in the complaint, and that the answer is frivolous.

" If the defendant has been defrauded, it may proceed in a court of equity to set aside the transaction by returning the property to the parties of whom it was purchased, or it may retain the property and bring an action to recover the damages which it has sustained, but it cannot retain the property purchased with the notes which it has given and then defeat all recovery upon them by alleging facts which, at the best, show only a partial failure of consideration."

The defendants urge that even though the matter pleaded may be deemed insufficient as a defense, nevertheless, the pleading should be sustained upon the theory that it may be treated as a counterclaim. It is not a case, however, where the defendants have set up facts entitling them to affirmative relief and have merely omitted to designate the matter set up as a counterclaim, in which event the courts will regard the pleading as what it obviously was intended to be. (*National Gum & Mica Co.* v. *MacCormack*, 124 App. Div. 569.)

In the case at bar the facts alleged are specifically designated a defense, and are pleaded in bar of the action and no affirmative judgment is asked for. In *Pratt & Whitney Co.* v. *American Pneumatic Tool Co.* (50 App. Div. 369; affd., 166 N. Y. 588) McLAUGHLIN, J., unequivocally pointed out that facts pleaded only as a defense are not available as a counterclaim, saying: "At most, what the defendant alleged and proved would be of benefit only so far as to permit it to recoup as damages or to recover the overcharge, but this could not be done under an answer which simply alleged a defense. * * * The rule is well settled that where a defendant insists upon a counterclaim, it must be pleaded as such, and unless that is done it can be resorted to and used only as a defense. (*Bates* v. *Rosekrans*, 37 N. Y. 409; *Burke* v. *Thorne*, 44 Barb. 363.) "

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion for judgment for the plaintiff granted, with ten dollars costs, with leave to defendant to serve an amended answer upon payment of all taxable costs including costs of appeal.

CLARKE, P. J., MERRELL, MARTIN and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the defendants to serve an amended answer within twenty days from service of order upon payment of all taxable costs including the costs of this appeal.